No. 84–763. SAN FILIPPO *v.* UNITED STATES TRUST COMPANY OF NEW YORK ET AL.; and

No. 84–1018. UNITED STATES TRUST COMPANY OF NEW YORK ET AL. *v.* SAN FILIPPO ET AL. C. A. 2d Cir. Certiorari denied.

JUSTICE WHITE, dissenting.

Augustin San Filippo sued United States Trust Company and two of its officers under 42 U. S. C. § 1983 for malicious prosecution. San Filippo alleged that the U. S. Trust officers had conspired with a New York County Assistant District Attorney to present false testimony to a grand jury that was investigating San Filippo's alleged fraud in obtaining loans from U. S. Trust for two of his clients. Although the grand jury had returned an indictment against San Filippo, a jury had subsequently acquitted him of all charges.

The defendants asserted several affirmative defenses in the United States District Court for the Southern District of New York, including their absolute immunity from § 1983 liability for their grand jury testimony or prior discussions with the prosecutor. Partly on the basis of this claimed immunity, they sought a protective order against further discovery and also moved for dismissal or summary judgment. These motions were denied by the

District Court, and the defendants appealed. The United States Court of Appeals for the Second Circuit held that the denials of these motions were properly before it under the "collateral final order" doctrine of *Cohen* v. *Beneficial Industrial Loan Corp.*, 337 U. S. 541, 546 (1949), at least insofar as they were premised on a rejection of the defendants' absolute immunity defense. 737 F. 2d 246, 254 (1984). On the merits, the court reasoned that the defendants were entitled to absolute immunity for their actual testimony before the grand jury, citing *Briscoe* v. *LaHue*, 460 U. S. 325 (1983), but not for any extrajudicial conspiracy between themselves and the prosecutor leading to the giving of the allegedly false testimony. The court then went on, however, to hold that San Filippo's "completely unsubstantiated allegations of conspiracy" were insufficient to state a valid claim for relief under § 1983. Recognizing that this ground for relief did not "in its own right merit interlocutory review under *Cohen*," the court held that it had jurisdiction to consider the issue "under the doctrine of pendent appellate jurisdiction," and determined to exercise that jurisdiction in this case in view of "the waste of judicial resources" were the suit to go forward on remand. 737 F. 2d, at 255–256.

In reaching that holding, the Court of Appeals failed to mention our decision in *Abney* v. *United States*, 431 U. S. 651 (1977). In that case, we held that a court of appeals may exercise jurisdiction under *Cohen* over an appeal from a pretrial order denying a motion to dismiss an indictment on double jeopardy grounds. We further concluded, however, that this jurisdiction did not extend to "other claims presented to, and rejected by, the district court in passing on the accused's motion to dismiss." *Id.*, at 663. We specifically cautioned that "such claims are appealable if, and only if, they too fall within *Cohen*'s collateral-order exception to the final-judgment rule." Any other rule, we reasoned, would encourage the assertion of frivolous but appealable claims in order to obtain premature appellate review of otherwise unappealable "pendent" claims.

The decision below is clearly in tension with our rationale in *Abney*. Moreover, it is in direct conflict with the holding of the Court of Appeals for the Third Circuit in *Akerly* v. *Red Barn System, Inc.*, 551 F. 2d 539, 542–543 (1977). In *Akerly*—like this, a civil case—the Third Circuit concluded that a District Court's refusal to disqualify counsel was a "collateral order" under 28 U. S. C. § 1291, and that it therefore had appellate jurisdiction

to rule on the issue. The court refused, however, to extend its jurisdiction to the District Court's denial of a motion to dismiss. Recognizing that it would have asserted jurisdiction over this separate issue if the appeal had arisen under 28 U. S. C. § 1292(b), the Third Circuit reasoned that the governing principle behind the collateral-order doctrine was not judicial efficiency, but the separability of the order from the remainder of the case. Furthermore, the collateral-order doctrine was to be sparingly applied. 551 F. 2d, at 543. See also *Forsyth* v. *Kleindienst,* 599 F. 2d 1203, 1209 (CA3 1979). But see *Metlin* v. *Palastra,* 729 F. 2d 353 (CA5 1984); *Dellums* v. *Powell,* 212 U. S. App. D. C. 403, 405, n. 6, 660 F. 2d 802, 804, n. 6 (1981).

These cases betray confusion among the lower courts concerning the proper application of *Abney* to appeals arising under the *Cohen* doctrine. I would grant certiorari to clarify the law concerning this important and frequently recurring question.*

---

*United States Trust and its officers have filed a conditional cross-petition, No. 84–1018. I would also grant certiorari on the cross-petition, limited to the first question presented—the only question actually resolved by the Court of Appeals. That question is whether the courts below erred in rejecting absolute immunity for the defendants for their off-the-stand contacts with the Assistant District Attorney, leading to their allegedly false testimony before the grand jury.