Edmund W. ZEBROWSKI, et al, Plaintiffs,

v.

Catherine M.R. DENCKLA, Defendant.

No. CV 85–1922.

United States District Court,
E.D. New York.

April 4, 1986.

**1308**

V. Anthony Maggipinto, Riverhead, N.Y., for plaintiffs.

Alfieri, Frohman, Unger & Primoff, New York City, for defendant.

## MEMORANDUM AND ORDER

WEXLER, District Judge.

The Zembrowski family brought this lawsuit on the basis of alleged wrongdoing by defendant Catherine Denckla. Defendant has moved to dismiss the action. For the reasons discussed below, the Court grants defendant's motion to dismiss.

### I.

Plaintiff Edmund Zembrowski was retained by Denckla to perform certain landscaping services at her home in Southampton, New York. A dispute arose, however, as to payment for and the legitimacy of certain invoices Zembrowski presented to Denckla. Zembrowski filed a civil action in the Southampton Town Justice Court to recover $1,688.22 for services he had allegedly rendered, and a process server served Denckla with a summons respecting the action on June 2, 1984. Also on June 2, 1984, Denckla filed a complaint against Zembrowski with the Southampton Village Police Department. On June 4, 1984, Zembrowski was arraigned on the charge of grand larceny, which was later reduced to petty larceny. At the conclusion of trial conducted in the Southampton Town Justice Court, Zembrowski was acquitted of the charge against him.

The plaintiffs subsequently commenced this action. The Zembrowski's complaint alleges that Denckla deprived Edmund Zembrowski of various constitutional rights under color of state law. The complaint also seeks damages for breach of the contract between Denckla and Edmund Zembrowski, false arrest and false imprisonment, malicious prosecution and abuse of process, libel and slander, intentional infliction of emotional distress, interference with contractual relations, prima facia tort, and various members of the Zembrowski family's loss of the services, society and companionship of Edmund Zembrowski.

### II.

Defendant's motion to dismiss is essentially based upon the plaintiffs' purported failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6).[1] A motion to dismiss for failure to state a claim tests the sufficiency of the pleadings. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). Material allegations of the complaint, along with such reasonable inferences as might

1. In defendant's notice of motion filed with the Court, the motion is denominated as a motion to dismiss for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1). A motion to dismiss for lack of subject matter jurisdiction is not the same as a motion to dismiss for failure to state a federal claim, however. To determine whether a federal question is involved, the court must simply determine whether the complaint purports to state a claim under federal law, regardless of the validity of the claim. *Wheeldin v. Wheeler*, 373 U.S. 647, 83 S.Ct. 1441, 10 L.Ed.2d 605 (1963). A reading of defendant's memorandum of law in support of her motion makes clear that her motion is more properly based on 12(b)(6) rather than 12(b)(1) grounds. A motion to dismiss for lack of jurisdiction based upon an alleged failure to state the necessary elements of a federal claim should be viewed as raising the issue of whether the complaint states a claim upon which relief can be granted and treated as a 12(b)(6) motion when the memoranda submitted by the parties adequately discuss the sufficiency of the claim despite the erroneous designation of the ground for the motion. *Dennis v. Hein*, 413 F.Supp. 1137 (D.S.C.1976). Accordingly, the Court will rule on defendant's motion as if it were brought pursuant to 12(b)(6).

Plaintiff argues that defendant's 12(b) motion is barred since an answer has already been filed. Generally, if a defendant wishes to interpose a 12(b) motion, he must do so before filing an answer. However, a motion based upon a purported failure to state a claim upon which relief can be granted may be made even though an answer has already been filed. *Stonehill v. Security National Bank*, 68 F.R.D. 24, 44 (S.D.N.Y.1975); 5 C. Wright and A. Miller, *Federal Practice and Procedure* § 1361 (1969). Furthermore, where a party has included specific defenses in its answer, as Denckla has done, a subsequent motion to dismiss based upon those defenses may be allowed. *Jennings Oil Co., Inc. v. Mobil Oil Corp.*, 80 F.R.D. 124, 127 n. 4 (S.D.N.Y.1978); Wright and Miller, *supra*.

be drawn in the plaintiff's favor, are taken as admitted for purposes of deciding the motion. *Gargiul v. Tompkins,* 704 F.2d 661 (2d Cir.1983), *vacated on other grounds,* 465 U.S. 1016, 104 S.Ct. 1263, 79 L.Ed.2d 670 (1984); *Murray v. City of Milford,* 380 F.2d 468 (2d Cir.1967). A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. *Hishon v. King & Spaulding,* 467 U.S. 69, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984).

Plaintiffs' federal claims in this action are predicated upon alleged violations of 42 U.S.C. §§ 1981, 1983, 1985 and 1986, and the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution. Applying the principles set forth above to the facts alleged in this case, the Court concludes that plaintiffs' complaint must be dismissed.

■ 42 U.S.C. § 1981 is designed to prevent racial discrimination. *See, e.g., Runyon v. McCrary,* 427 U.S. 160, 96 S.Ct. 2586, 49 L.Ed.2d 415 (1976). Plaintiffs' complaint does not allege such discrimination and fails to state a claim under § 1981.

■ 42 U.S.C. § 1983 provides a cause of action for the deprivation, "under color of state law," of a right secured by the Constitution and laws of the United States. Plaintiffs, however, have failed to show that Denckla was in any way acting "under color of state law," which for all practical purposes is equivalent to "state action." *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982); *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). While an individual acting in a purely private capacity, as Denckla was when she allegedly caused Edmund Zembrowski to be arrested, may be held to fall within the scope of activity covered by § 1983, plaintiffs' allegations do not support a § 1983 claim in the instant case. This is not a situation in which it might be argued that liability under § 1983 exists due to a sufficiently symbiotic relationship between the government and the private party, *see e.g., Burton v.*

*Wilmington Parking Authority,* 365 U.S. 715, 81 S.Ct. 856, 6 L.Ed.2d 45 (1961); or the exercise by a private person or entity of a traditional state function, *see, e.g., Marsh v. Alabama,* 326 U.S. 501, 66 S.Ct. 276, 90 L.Ed. 265 (1946). Nor have plaintiffs alleged any conspiracy between Denckla and government officials which might warrant potential § 1983 liability. *See, e.g., Adickes,* 398 U.S. 144, 90 S.Ct. 1398; *Dennis v. Sparks,* 449 U.S. 24, 101 S.Ct. 183, 66 L.Ed.2d 185 (1980). Plaintiffs have merely alleged that defendant "caused" Edmund Zembrowski to be arrested, an allegation which hardly amounts to conspiratorial state action. *Cf. San Filippo v. U.S. Trust Co.,* 737 F.2d 246 (2d Cir.1984), *cert. denied,* — U.S. —, 105 S.Ct. 1408, 84 L.Ed.2d 797 (1985) (unsubstantiated conclusory conspiracy allegations insufficient to withstand dismissal); *Sommer v. Dixon,* 709 F.2d 173 (2d Cir.), *cert. denied,* 464 U.S. 857, 104 S.Ct. 177, 78 L.Ed.2d 158 (1983) (same). Plaintiffs, therefore, have failed to state a claim under § 1983 upon which relief can be granted.

■ Similarly, plaintiffs have not stated a claim directly under the Fifth and Fourteenth Amendments, which require state action as a necessary element for a cause of action. *E.g., Jackson v. Metropolitan Edison Company,* 419 U.S. 345, 95 S.Ct. 449, 42 L.Ed.2d 477 (1974). Also, absent an allegation of conspiracy, 42 U.S.C. §§ 1985 and 1986 are inapposite to plaintiffs' case.

The Fourth Amendment does not apply to a private individual who is not acting as a government agent. *United States v. Jacobsen,* 466 U.S. 109, 104 S.Ct. 1652, 80 L.Ed.2d 85 (1984).

Plaintiff has not alleged any actions even remotely related to the Sixth or Eighth Amendment.

The remainder of plaintiffs' claims are grounded in state, not federal law. Plaintiffs have stated their view that the viability of their pendent state claims is dependent upon the viability of their federal claims. Plaintiffs' Memorandum at 1–2.

As the party asserting the state claims has not argued that the Court entertain such claims in the absence of surviving federal claims, the Court need not consider whether it has the power to hear the state claims or, assuming it has this power, whether it should exercise its discretion so as to consider the claims. *See United Mine Workers of America v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

### III.

Defendant's motion to dismiss is granted. Each party is to bear its own costs of the litigation. The Clerk of the Court is hereby directed to enter judgment for defendant, dismissing plaintiffs' complaint.

SO ORDERED.