Larry Wayne FOSTER, et al., Plaintiffs,

v.

CITY OF LAKE JACKSON, TEXAS, et al., Defendants.

Civ. A. No. G–92–527.

United States District Court,
S.D. Texas,
Galveston Division.

Feb. 25, 1993.

Jerry D. Patchen, Gerald M. Birnberg, Houston, TX, for plaintiffs.

John Eckel, Mills, Shirley, Eckel & Bassett, Galveston, TX, Barry Abrams, Sewell & Riggs, Houston, TX, for defendants.

### ORDER

KENT, District Judge.

Before the Court is Defendants' Motion to Dismiss. This Order considers only Defendants' contention that Plaintiffs' suit is barred because of absolute witness immunity.

### I.

On or about February 6, 1985, Plaintiffs' son was killed in a traffic accident. There-

after, Plaintiffs initiated a wrongful-death action in Texas state court alleging that their son's death was caused by a malfunctioning traffic light which had been negligently maintained by the Defendant City of Lake Jackson ("City"). Plaintiffs undertook discovery to substantiate their claim. This discovery, however, indicated that the traffic light was not malfunctioning or, alternatively, that the City had no knowledge that the light was malfunctioning. Based on this information, Plaintiffs settled all of their claims for $75,000.00 and signed a release.

On November 2, 1992, Plaintiffs initiated the instant action, pursuant to 42 U.S.C. § 1983, alleging that at all relevant times the traffic light was malfunctioning and that the City had knowledge of this fact but that the individual Defendants conspired to conceal this information from Plaintiffs during the discovery phase of the state-court suit. In furtherance of this conspiracy, the individual Defendants concealed documents and other information, gave knowingly false deposition testimony and answers to interrogatories, and encouraged others to give false statements as to whether the traffic light was malfunctioning and whether any malfunctions had been reported to city officials.

## II.

█ Before considering the immunity issue, the Court must determine whether Plaintiffs have alleged a violation of a clearly established constitutional right. *Siegert v. Gilley,* —— U.S. ——, ——, 111 S.Ct. 1789, 1793, 114 L.Ed.2d 277 (1991). Plaintiffs have alleged with some particularity that, during discovery in the state-court suit, the individual Defendants conspired to conceal information and that this concealment hampered Plaintiffs' ability to obtain redress in state court. In this circuit, a section 1983 complaint alleges a violation of a clearly established constitutional right if it alleges that public officials

> wrongfully and intentionally conceal[ed] information crucial to a person's ability to obtain redress through the courts, and

d[id] so for the purpose of frustrating that right, and that concealment and the delay engendered by it substantially reduce[d] the likelihood of one's obtaining the relief to which one [wa]s otherwise entitled....

*Crowder v. Sinyard,* 884 F.2d 804, 812 (5th Cir.1989), *cert. denied,* 496 U.S. 924, 110 S.Ct. 2617, 110 L.Ed.2d 638 (1990). *See also Chrissy F. ex rel. Medley v. Mississippi Dept. Pub. Welfare,* 925 F.2d 844, 851 & nn. 34–35 (5th Cir.1991). In the instant case, Plaintiffs have alleged a deliberate official "cover up" to deprive them of information vital to their state-court suit; this deprivation caused them to settle the claim for far less than it was actually worth. In the Court's view, such allegations state a claim for the violation of an established constitutional right. *See also Barrett v. United States,* 798 F.2d 565 (2d Cir.1986).

## III.

Next, the Court turns to the immunity issue. The starting point for the Court's analysis is the Supreme Court's decision in *Briscoe v. LaHue,*[1] in which the Court held that a criminal defendant could not assert a section 1983 claim against a police officer for giving false testimony at the defendant's criminal trial. First, the Court noted that the common law provided absolute immunity from subsequent damages liability for all witnesses in judicial proceedings. Because neither the text nor the legislative history of section 1983 indicates that Congress intended to abrogate common-law witness immunity, the Court held that a claim for damages under section 1983 for false testimony will not lie against either a public or a private witness. *Id.* 460 U.S. at 329–41, 103 S.Ct. at 1112–19.

## IV.

Plaintiffs, however, assert that *Briscoe* applies only to claims based solely on allegedly perjured testimony. By contrast, Plaintiffs assert, their claim is that Defendants engaged in a conspiracy to deprive them of their constitutional right of access to the courts by concealing and suppress-

---

1. 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983).

ing evidence and suborning perjury. In furtherance of this conspiracy, Defendants Houston and Yenne gave perjured deposition testimony. Thus, Plaintiffs' suit is not barred because they are not attempting to assert claims based solely on the perjured testimony of one or more defendants.

There is some support for this contention. In *Knudsen v. D.C.B., Inc.*,[2] the plaintiff brought a section 1983 action alleging that the several defendants had successfully conspired to deprive him of his civil rights. In particular, the plaintiff alleged that as an act in furtherance of this conspiracy one defendant, a police officer, testified falsely at the plaintiff's criminal trial. The defendant police officer moved to strike this allegation on the ground that, under *Briscoe*, he was absolutely immune from any suit based on his allegedly perjured testimony. The court, while not disagreeing with this general statement, held that *Briscoe* applies only where the act complained of is the defendant's allegedly false testimony, that is, where it is alleged that the giving of false testimony itself is the act that violates the plaintiff's constitutional rights. Because the plaintiff in *Knudsen* did not complain solely of the

defendant police officer's testimony but rather alleged the existence of a broad ranging conspiracy, *Briscoe* did not apply. *See also San Filippo v. United States Trust Co.*, 737 F.2d 246, 255 (2d Cir.1984), *cert. denied*, 470 U.S. 1035, 105 S.Ct. 1408, 84 L.Ed.2d 797 (1985) (absolute immunity bars suit based on witness's grand jury testimony but not suit alleging conspiracy to testify falsely before grand jury).

■ In the Court's opinion the decision in *Knudsen* misses the point. Under *Briscoe* and its progeny, a defendant is entitled to assert an immunity defense if such a defense was recognized under the common law, or, if not, if he is an official performing a critical role in the judicial process. *Briscoe*, 460 U.S. at 329–36, 103 S.Ct. at 1112–16. *Burns v. Reed*, —— U.S. ——, 111 S.Ct. 1934, 114 L.Ed.2d 547 (1991). Thus, in considering the availability of an immunity defense in a section 1983 action, the Court must first consider, not whether the plaintiff has attempted to predicate liability solely on a witness's testimony or on allegations of a broad ranging conspiracy of which the allegedly false testimony was a part,[3] but " 'whether an official claiming

---

**2.** 592 F.Supp. 1232 (N.D.Ill.1984).

**3.** In *Briscoe,* the Court stated that private witnesses could not necessarily escape section 1983 liability on the ground that they were not state actors: if a private witness conspired with a state actor and gave false testimony in furtherance of that conspiracy, the witness would at least arguably be a state actor. Thus, the Court noted, it was necessary to consider the applicability of the common-law rule of witness immunity as to both public and private witnesses. *Briscoe*, 460 U.S. at 330 n. 7, 103 S.Ct. at 1113 n. 7. This statement, together with the Court's holding in *Briscoe,* indicates that a section 1983 plaintiff cannot overcome a defense of absolute witness immunity merely by alleging the existence of a conspiracy. Moreover, while it is true that, in this case, Plaintiffs characterize the alleged conspiracy not as a conspiracy to give false testimony but as a conspiracy to deprive them of access to the courts, the difference is semantic only. Section 1983 provides a remedy for those who have suffered a violation of their federal rights. Thus, only a conspiracy to give false testimony in order to deprive someone of his federal rights could conceivably be actionable under section 1983, and the *Briscoe* Court's remarks must be read in this context.

Moreover, even assuming that a section 1983 action may be predicated on an allegation of a successful conspiracy to deprive an individual of his civil rights and a witness's giving false testimony in furtherance of that conspiracy, *Knudsen* goes too far. Under *Knudsen,* even if the plaintiff's initial complaint is only that a witness testified falsely, the plaintiff can, in the first instance, overcome a defense of absolute immunity merely by alleging that the witness conspired with others to deprive the plaintiff of his constitutional rights and that the witness's false testimony was an overt act in furtherance of that conspiracy. While such an allegation will not, without more, support a finding of liability, a witness entitled to absolute immunity is entitled to more than simply immunity from liability. As the Fifth Circuit has stated in a slightly different context,

> government officials entitled to immunity [are entitled to] to be free[ ] from the burdens, the stress, the anxieties and the diversions of pretrial preparations.

*Elliott v. Perez,* 751 F.2d 1472, 1479 (5th Cir. 1985).

*Knudsen* ignores these considerations. Instead, *Knudsen* would allow a plaintiff to proceed with discovery merely upon the allegation of the existence of a conspiracy. In the Court's

immunity under § 1983 can point to a common-law counterpart to the privilege he asserts.'" *Enlow v. Tishomingo County,* 962 F.2d 501, 511 n. 28 (5th Cir.1992) (quoting *Malley v. Briggs,* 475 U.S. 335, 339–40, 106 S.Ct. 1092, 1095–96, 89 L.Ed.2d 271 (1986)).

## V.

In *Enlow,* the owner of a building where a gambling raid occurred, his daughter, and his company brought a section 1983 action against, *inter alia,* a state highway patrol investigator. The plaintiffs alleged that the investigator's participation as a witness before the grand jury which subsequently indicted plaintiffs in federal court violated their First Amendment rights because the testimony was given in retaliation for the plaintiffs' suit. The investigator argued that even assuming the plaintiffs had stated a cognizable constitutional claim,[4] he was entitled to absolute witness immunity based on his testimony before the grand jury. *Id.* at 510–11.

The Court, however, noted that, in determining immunity issues, the common law distinguished between defamation and malicious prosecution actions. A witness was absolutely immune from a suit seeking to hold him liable for the defamatory effect of his testimony but not from a suit seeking to hold him liable for his role in initiating a baseless prosecution.[5]

Moreover, the Court held that the district court properly declined to grant summary judgment in favor of the investigator.

We find that disputed factual issues remain regarding [the investigator's] role in actively instigating, encouraging, and/or perpetuating [plaintiffs'] prosecution, as well as regarding the events that transpired prior to the grand jury testimony. Further, [the investigator's] statements at his deposition raise a genuine issue whether [his] testimony was in retaliation for [plaintiffs'] suit. . . . Sufficient disputed evidence exists to support the possibility that [the investigator's] actions were taken in retaliation for an exercise by [the plaintiffs] of their constitutionally protected freedoms.

*Id.* at 511–12.

■ After considering the relevant case law, the Court is of the opinion that the individual Defendants are not entitled to absolute immunity. Unlike the plaintiff in *Briscoe,* the instant Plaintiffs are not seeking to hold Defendants liable for the defamatory effect of the individual Defendants' testimony. Rather, Plaintiffs allege that the individual Defendants intentionally concealed evidence and gave false testimony in an effort to deprive Plaintiffs of their constitutional right of access to the Courts. The Court has found no cases suggesting that witnesses were absolutely immune from such suits at common law, and, because Plaintiffs' claims are more like those at issue in *Enlow* than those in *Briscoe,* the Court finds that none of the Defendants are entitled to absolute immunity from suit.[6]

view, a plaintiff who alleges with sufficient particularly that two or more defendants conspired to deprive him of his civil rights and that in furtherance of the conspiracy one or more of the conspirators testified falsely against him is, with respect to the allegedly false testimony, entitled, in the first instance, only to limited discovery to inquire into the existence of the conspiracy, if any, and its relationship, if any, to the allegedly false testimony. *See Anderson v. Creighton,* 483 U.S. 635, 646 n. 6, 107 S.Ct. 3034, 3042 n. 6, 97 L.Ed.2d 523 (1987).

**4.** The Court found that the plaintiffs had alleged a cognizable First Amendment claim. *Id.* at 510.

**5.** Similarly, in *Malley v. Briggs,* 475 U.S. 335, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986), the Supreme

Court held that a police officer requesting a warrant is not entitled to absolute immunity from suit based on his actions in seeking the warrant. The Court analogized warrant-seeking police officers to complaining witnesses and held that because the latter were not absolutely immune under common law no absolute privilege would be recognized for the former.

**6.** Additionally, under *Briscoe,* an official who performs a critical role in the judicial process is absolutely immune from suit based on such performance. *Briscoe,* 460 U.S. at 334–36, 103 S.Ct. at 1115–16. A public employee participating in pretrial discovery in a suit to which he is not a party is not performing a critical role in the judicial process. Indeed, his role is no different from that of any private participant.

## VI.

■ Additionally, the Court notes that absolute witness immunity does not attach to all testimony, but only to that given in judicial proceedings. The *Briscoe* Court explicitly declined to decide whether a witness is absolutely immune from suit based on his testimony in a pretrial proceeding.[7] *Briscoe*, 460 U.S. at 329 n. 5, 103 S.Ct. at 1112 n. 5. Subsequently, however, several courts have held that he is. For example, in *Strength v. Hubert*,[8] the Eleventh Circuit held that a grand jury is a judicial proceeding for purposes of the witness immunity rule, and that, therefore, grand jury witnesses are also entitled to absolute immunity from suit based on their testimony. *Id.* 854 F.2d at 424. *See also Williams v. Hepting*, 844 F.2d 138 (3d Cir.) (preliminary hearing), *cert. denied*, 488 U.S. 851, 109 S.Ct. 135, 102 L.Ed.2d 107 (1988); *Holt v. Castaneda*, 832 F.2d 123 (9th Cir.1987) (pretrial hearing), *cert. denied*, 485 U.S. 979, 108 S.Ct. 1275, 99 L.Ed.2d 486 (1988); *San Filippo v. United States Trust Co.*, 737 F.2d 246 (2d Cir. 1984), *cert. denied*, 470 U.S. 1035, 105 S.Ct. 1408, 84 L.Ed.2d 797 (1985) (grand jury); *Kincaid v. Eberle*, 712 F.2d 1023 (7th Cir.), *cert. denied*, 464 U.S. 1018, 104 S.Ct. 551, 78 L.Ed.2d 725 (1983) (grand jury).

Other Courts, however, have held that a witness is not entitled to absolute immunity from suit based on his testimony in pretrial proceedings. For example, in *Krohn v. United States*,[9] the First Circuit, in a holding anticipating *Malley, supra*, held that police officers are not entitled to absolute immunity for statements made in the course of obtaining arrest warrants. In particular, the Court stated that

> [t]he witness immunity discussed in *Briscoe* is afforded to encourage complete

disclosure in judicial proceedings as a means for ascertaining the truth, and, because of its common law roots, is necessarily limited to witnesses in judge-supervised trials. The notion is that witnesses should be encouraged to tell all they know without fear of reprisal, and the judicial process—rules of evidence, cross-examination, and the factfinder—will be able to discern the truth.

*Id.* at 31.

Thus, according to the *Krohn* Court, while it is always in the justice system's best interest that witnesses tell all, the common law, recognizing that not all would do so, limited the privilege of absolute immunity to judge-supervised trials and similar proceedings because only these proceedings provide the procedural safeguards necessary to ensure that the opposing party has the opportunity to present his side of the story and because only in these proceedings is there a factfinder to separate the wheat from the chaff.

In the Court's view, the law in this circuit is that a witness is absolutely immune only from suits based on his trial, or trial-type, testimony. The Fifth Circuit has addressed the issue twice, and in both cases, it declined to extend the privilege to witnesses who testify in pretrial proceedings. *Enlow v. Tishomingo County, supra*, (grand jury testimony); *Wheeler v. Cosden Oil & Chem. Co.*, 734 F.2d 254, *modified*, 744 F.2d 1131 (5th Cir.1984) (testimony at probable cause hearing). Indeed, in *Enlow*, the court explicitly declined to follow the Eleventh Circuit's reasoning in *Strength v. Hubert, supra*. *Enlow*, 962 F.2d at 511 & n. 25.

---

7. The Court has found only one pre-*Briscoe* case holding that a witness is entitled to absolute immunity from damages liability for statements given in pretrial depositions or the like that were never introduced in a subsequent trial or quasi-judicial proceeding and no cases finding absolute liability for statements made in depositions or affidavits in a case which settled prior to trial. In *Myers v. Bull*, 599 F.2d 863 (8th Cir.), *cert. denied*, 444 U.S. 901, 100 S.Ct. 213, 62 L.Ed.2d 138 (1979), the plaintiff initiated a sec-

tion 1983 action against a police officer, alleging, *inter alia*, that the officer perjured himself in a pretrial deposition which was never introduced at trial. The Court simply noted the common-law rule of absolute immunity, listed several policy reasons in support of the rule, and held that the officer was absolutely immune from suit. *Id.* at 866.

8. 854 F.2d 421 (11th Cir.1988).

9. 742 F.2d 24 (1st Cir.1984).

## VII.

■ Finally the Court notes that even if the individual defendants were entitled to absolute witness immunity, they would not be entitled to a dismissal of the entire action. Some of Plaintiffs' claims are premised on nontestimonial acts, such as withholding evidence and the like. In the Court's view, even assuming the individual Defendants were entitled to absolute witness immunity, such immunity would only extend to statements made in depositions, answers to interrogatories, and the like. Defendants' suggestion that they are absolutely immune from suit for nontestimonial acts is without foundation. The Court has found no cases suggesting that nontestimonial acts are cloaked in absolute immunity and would not be inclined to craft such a rule.

## VIII.

Therefore, it is hereby ORDERED, ADJUDGED, and DECREED that Defendants' Motion to Dismiss on the ground of absolute witness immunity is DENIED.

It is further ORDERED that the parties file no further pleadings on this issue in this Court. The parties are instructed to seek any further relief to which they feel themselves entitled from the United States Court of Appeals for the Fifth Circuit.

IT IS SO ORDERED.