In re RIVER FOAL, INC., Debtor.

HENRY A. LEONARD &
CO., INC., Appellant,

v.

UNITED STATES TRUSTEE, Appellee.

Bankruptcy No. 92–31357.
No. 93 Civ. 1148 (VLB).

United States District Court,
S.D. New York.

Nov. 24, 1993.

Joseph J. Haspel, Kurtzman Haspel & Stein, Spring Valley, NY, for appellant.

Tom Genova, Klein & Genova, Newburgh, NY, Loretta Van Der Veer, River Foal Inc., Stanfordville, NY, for debtor.

Gina Gulotty, Office of the U.S. Trustee, Poughkeepsie, NY, for United States Trustee.

## MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

### I

This bankruptcy appeal presents a conflict between contractual commitments for payments for services of appellant Henry A. Leonard & Co., Inc. (the "auctioneer") for auctioneer and brokerage work in connection with sale of assets of the debtor, and limitations imposed by the Bankruptcy Court under Local Rule 41, which provides in pertinent part:

"(b) *Compensation.* Unless the court orders otherwise for cause shown ... the auctioneer shall be allowed commissions [at defined percentages decreasing as the amount involved increases, and] reasonable and necessary expenses ..."

The Bankruptcy Court, acting under Local Rule 41, fixed compensation at a lower level than the parties' agreement immediately prior to closing the bankruptcy case based on completion of payment of creditors in full. No creditor objected to the auctioneer's fee request, but the debtor's principal and the United States Trustee did object. There is some indication, not developed in detail, that the debtor performed some work to promote sales of the assets apart from that done by the auctioneer.

■ Under 11 U.S.C. §§ 327–330, trustees—and hence debtors in possession—may employ professionals; under § 328 the court may order substitution of different compensation than agreed upon if the agreed terms prove to have been improvident. This puts professionals contracting with debtors in possession at risk, but it is a risk known in advance and not imposed by unfair surprise. See *In re New York Trap Rock Corp (Lone Star v. Compania Naviera),* 155 B.R. 871 (Bankr.S.D.N.Y.1993) (Schwartzberg, J.), aff'd 160 B.R. 876 (S.D.N.Y.1993).

■ Here, in view of payment in full to all creditors, similar fulfillment of the contractual terms of the auctioneer would not appear obviously improvident. Nor were any explicit findings of improvidence made. Such a finding is, however, implicit and may not be set aside unless clearly erroneous; due regard must also be given to the opportunity of the Bankruptcy Judge to assess the credibility of those appearing when the issue was presented. See Bankruptcy Rule 8013.

To set aside Bankruptcy Court rulings adhering to the schedules of fees set forth in Local Rule 41, based solely or primarily on reliance on contract provisions alone without a showing that the Rule 41 fee was unreasonable in fact, would undermine the ability of the Bankruptcy Court to limit the costs associated with Chapter 11 and other bankruptcies. To do so would amount to holding Local 41 invalid, albeit without saying so in so many words.

It is necessary to recognize that where all creditors are paid in full and only the auctioneer paid less than called for by contract, an anomalous situation is created. But the record here is bereft of any indication of the extent to which the Local Rule 41 fee schedule reflects external marketplace values of the type of work actually performed by the auctioneer in the present case.

■ This gap is significant because the overall objective of the statutory structure is to permit the marketplace to be the primary determinant of fees for professionals functioning in a bankruptcy context, thereby encouraging qualified persons to assist in bankruptcy matters, while protecting the estate and creditors against overreaching or collusive arrangements. See generally Official

Notes to 11 USC 328; see also Rose–Acker-man, "Social Services and the Market," 83 Colum L Rev 1405 (1983). In that context, Local Rule 41(b) is a guidepost and a basis for intervention to avoid such overreaching, but is not to be mechanically applied. Automatic objections to amounts above those set forth in Rule Local Rule 41 without regard to the actual effort expended, results achieved, or marketplace realities are inappropriate. Equally inappropriate is insistence on contractually fixed fees if the Rule 41(b) fee schedule is in fact more indicative than the agreement of what would be appropriate in a non-bankruptcy context were the same amount of risk and effort actually required of the applicant.

## II

■ While a remand to consider such issues is authorized by Bankruptcy Rule 8013, in this instance the bankruptcy proceeding involved has been wound up by full payment to all creditors and the case closed with the sole exception of the pendency of the current appeal before the district court. Since the Bankruptcy Court did not explicitly reserve jurisdiction to interpret, modify or enforce its Rule 41(b) fee determination, a question of jurisdiction might be presented were the case to be remanded. See *Adduono v. World Hockey Ass'n*, 824 F.2d 617 (8th Cir.1987); *Matter of Talandis*, 95 B.R. 108 (Bankr. S.D.Ia.1989). A statutory basis for continuing Bankruptcy Court jurisdiction might be found in the All Writs statute, 28 U.S.C. § 1651, permitting all courts established by Act of Congress "to issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." See generally *Gamewell Mfg. v. HVAC Supply*, 715 F.2d 112 (4th Cir.1983); *Sansom Committee ex rel. Cook v. Lynn*, 735 F.2d 1535 (3d Cir.1984); also Fed. R.Civ.P. 60.

Further factual development may, however, be secured through supplementation of the record, authorized by Bankruptcy Rule 8006 (which does not restrict supplementation to material presented below where such a restriction would be inappropriate under the circumstances); see also Fed.R.App.P.

10(e). Bankruptcy Rule 8019 also permits suspension of any relevant Rule except 8001, 8002 or 8013 for good cause on application of a party or on the court's own motion; see also Fed.R.App.P. 2.

■ Appellate courts recognize that avoidable, unnecessary remands consume judicial resources and those of the parties, thus making pendent appellate jurisdiction appropriate to address matters closely related to those presented by the parties. See *McCowan v. Sears, Roebuck & Co.*, 908 F.2d 1099 (2d Cir.), *cert. denied* 498 U.S. 897, 111 S.Ct. 250, 112 L.Ed.2d 209 (1990); *San Filippo v. United States Trust Co.*, 737 F.2d 246, 255 (2d Cir.1984), *cert. denied* 470 U.S. 1035, 105 S.Ct. 1408, 84 L.Ed.2d 797 (1985); *United States v. Ianniello*, 824 F.2d 203, 209 (2d Cir.1987); C. Wright, A. Miller & E. Gressman, *Federal Practice and Procedure* § 3921 at 17 (1977).

■ This authority is freely exercised in equity cases, a category embracing the discretionary action required to apply Local Rule 41 and the criteria of 11 U.S.C. § 328. See *Noxell Corp. v. Firehouse No. 1*, 760 F.2d 312, 315 (D.C.Cir.1985) (R. Ginsburg, J.). The function includes recommendation of settlement options to the parties where appropriate, e.g., *Friarton Estates Corp. v. City of New York*, 681 F.2d 150, 160 (2d Cir.1982), and may include as well requests for additional factual material from the parties where necessary to proper disposition, see Orfield, "Appellate Procedure in Equity Cases," 90 U Pa L Rev No 5 at 563, 579 (March 1942).

Exercise of this authority is called for by Bankruptcy Rule 1001 where it will "secure the expeditious and economical administration" of cases and the "just, speedy and inexpensive determination" of proceedings; see also Fed.R.Civ.P. 1, sentence 2, including 1993 amendments.

## III

The real party in interest in this dispute at this point is the debtor, which would be required to pay any additional amounts found due to the auctioneer. The debtor, although kept informed of this appeal, has not as yet

seen fit to appear as a party to it. A copy of this memorandum order is being mailed to the debtor and its principal, so that either may intervene within 30 days of the date of this memorandum order if desired.

While the United States Trustee has standing to assert the validity of the action of the Bankruptcy Court, the debtor and the auctioneer have the responsibility to consider the settlement of their dispute under Bankruptcy Rule 1001, sentence 3 and Individual Rules of Practice (VLB), Rule 2 (July 1993).

### IV

Such further factual submissions as the parties may wish to provide shall be filed within 60 days of the date of this memorandum order and may deal with the market value of the services rendered by the auctioneer or equivalent professionals such as brokers in the purely private sector, the amount of work done by the debtor if any in conjunction with the auctioneer's sale, and the marketplace value of such work if determinable.

SO ORDERED.