John SERBALIK, Plaintiff,

v.

Mary K. GRAY, Richard W. Gray,
David Hatin, and the Town of
Queesnbury, Defendants.

John SERBALIK, Plaintiff,

v.

Mary K. Gray and the County
of Warren, Defendants.

Nos. 97–CV–1754, 97–CV–1755.

United States District Court,
N.D. New York.

Nov. 17, 1998.

Office of Joyce Serbalik, Clifton Park, NY, for Plaintiff John Serbalik; Joyce Serbalik Choi, of counsel.

Dreyer Boyajian, LLP, Albany, NY, for Defendants Richard Gray, Mary Gray; John B. Casey, of counsel.

Fitzgerald Morris Law Firm, Glens Falls, NY, for Defendant County of Warren; Michael R. Monahan, of counsel.

Phelan, Burke Law Firm, Albany, NY, for Defendants David Hatin, Town of Queensbury; Stephen Trzcinski, of counsel.

**MEMORANDUM–DECISION & ORDER**

McAVOY, Chief Judge.

Presently before the Court are two actions commenced pursuant to 42 U.S.C. § 1983 by Plaintiff John Serbalik ("plaintiff" or "Serbalik") against his neighbors, Richard and Mary Gray (the "Grays"), and certain municipalities. The first action, 97–CV–1754 ("Serbalik I"), was brought against the Grays, David Hatin ("Hatin"), and the Town of Queensbury (the "Town"), and arises out of the testing of plaintiff's septic system and his subsequent prosecution for occupying a dwelling with a failed septic system. The second action, 97–CV–1755 ("Serbalik II"), was brought against the Defendants Mary Gray and the County of Warren (the "County") and arises out of plaintiff's arrest and prosecution for damaging the Grays' property.

Plaintiff asserts various claims pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional and statutory rights, and common law claims for malicious prosecution, abuse of process, false arrest, and negligence. The defendants in both actions have moved pursuant to FED. R. CIV. P. 56 seeking to dismiss the Complaints in their entirety. Because there are common parties, similar underlying facts, and common questions of law, the Court will address both actions in this Memorandum—Decision & Order.

## I. BACKGROUND

### A. Serbalik I

This is Part I of a dispute between neighbors living on the shore of Lake George. Plaintiff owns property on Lake George (the "Lake"), in the Town of Queensbury, County of Warren. Plaintiff's property is next to that of the Grays.

In the summer of 1995, the Grays apparently smelled a rank odor they believed emanated from plaintiff's property. Concerned over the proper functioning of plaintiff's septic system, the Grays retrieved a sample of water from the Lake in an area next to plaintiff's property and had it tested by the

Water Department. The results apparently indicated that the water was not fit for human consumption. The Grays, therefore, lodged a complaint with the Town regarding plaintiff's alleged failed septic system.

In response to the Grays' complaint, on August 18, 1995, Hatin, the Town's Director of Building and Code Enforcement, went to plaintiff's property to test his septic system. Hatin made an appointment with plaintiff to perform a dye test on his septic system. By the time Hatin arrived at plaintiff's property, plaintiff had left, but left a note indicating that he wished to be informed of the results of the test. Hatin proceeded to dilute the dye in water and, with the assistance of a hose from the Gray's property, pump the dyed water into plaintiff's septic tank. Hatin requested the Grays, who were watching Hatin perform the test, to advise him if they saw red dye in the lake.

When the Grays observed red dye in plaintiff's basement, they telephoned Hatin. After returning to plaintiff's property where he also witnessed dye in plaintiff's basement, Hatin entered plaintiff's basement and allegedly saw effluent leaking from the septic system into the basement.

As a result of the test, on August 31, 1995, Hatin advised plaintiff by certified letter that he could no longer use his premises until a proper septic system was installed. On or about June 1, 1996, Hatin became aware that plaintiff was using his premises without having installed a properly functioning septic system. Thus, on June 3, 1996, Hatin signed a criminal information charging plaintiff with, *inter alia,* occupying a dwelling with a failed septic system. After a non-jury trial, the Town Justice concluded that "the town has adequately as a matter of law demonstrated a *prima facie* case with respect to the informations alleged in the aforesaid complaints, but that the dye test was not conducted in a sufficiently reliable way to use as the basis of a finding of guilt or innocence." *See People of the Town of Queensbury v. John Serbalik,* Stewart Aff., Ex. "I". Thus, plaintiff was found not guilty.

## B. Serbalik II

This is Part II of the continuing saga between neighbors. The deed to plaintiff's property contains a "right of way two rods wide [33 feet]" across the Grays' property. *See* Complaint, ¶¶ 12, 13. In 1994, the Grays placed certain 6″ X 6″ timbers along the edges of a sand and gravel area within the right-of-way. The Grays contend that the timbers were placed to define the existing roadway upon which vehicles were to travel across their property. According to plaintiff, these timbers limited his right-of-way to a width of nine feet, eight inches.

After numerous unsuccessful attempts to have the Grays remove the timbers, plaintiff advised them that, if they did not remove the timers, he would do it himself. Sure enough, on September 4, 1995, pick-axe in hand, plaintiff proceeded to "remove the offending timbers." *See* Complaint, ¶ 18; County's Rule 7.1(f) statement, ¶ 2.

Mary Gray telephoned the County Sheriff's Department (the "Sheriff's Department" or "police") to complain that plaintiff was damaging her property—the timbers. The police arrived on the scene and observed plaintiff holding a pick-axe. *See* McGuirk Aff., ¶ 6. The police also observed the uprooted timbers and damage to the timbers that was consistent with the use of a pick-axe. *See* McNeill Aff., ¶ 6. The police officers questioned plaintiff, who produced a copy of his deed and pointed out that he had a thirty-three foot right-of-way. Plaintiff contended that he had "the right to remove barriers to his lawfully deeded right of way." *See* Plaintiff's Rule 7.1(f) statement, ¶ 8; Compl., ¶ 18. The police officers also spoke with Mary Gray and ascertained the value of the allegedly damaged timbers by contacting a local lumber yard. *See* July 27, 1998 McNeil Aff., ¶ 7. The officers valued the damaged property at approximately $260.00. *Id.* Mary Gray then executed a felony complaint charging plaintiff with a violation of NEW YORK PENAL LAW § 145.05, criminal mischief in the third degree.[1] *See* July 24, 1998 Monahan

---

1. "A person is guilty of criminal mischief in the third degree when, with intent to damage prop-   erty of another person, and having no right to do so nor any reasonable ground to believe that he

Aff, Ex. "A". As a result, Officer McGuirk placed plaintiff under arrest and plaintiff was brought before a Justice of the Queensbury Town Court. Plaintiff was arraigned, released on his own recognizance, and served with a Temporary Order of Protection requiring him to abstain from having any contact with the Grays and removing any timbers.

On September 27, 1996, by Prosecutor's Information, the Assistant District Attorney reduced the charge against plaintiff to a violation of NEW YORK PENAL LAW §§ 110.00 and 145.00(1), attempted criminal mischief in the fourth degree.[2] After a nonjury trial, plaintiff was found not guilty.

## II. DISCUSSION

### A. Summary Judgment Standard

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, judgment may be entered in favor of the moving party if "there is no genuine issue as to any material fact and [ ] the moving party is entitled to judgment as a matter of law." *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). On a motion for summary judgment, all facts must be construed in favor of the nonmoving party. *Id.; Buttry v. General Signal Corp.,* 68 F.3d 1488, 1492 (2d Cir.1995). With this standard in mind, the Court now addresses defendants' motions.

### B. Richard and Mary Gray

The Grays move to dismiss the causes of action against them in both Serbalik I and II on the grounds that they did not act under color of state law and the court lacks jurisdiction over the state law claims. With respect to Serbalik I, plaintiff responds that there are "mounds of evidence ... that David Hatin and Richard and Mary Gray acted in concert to commit unlawful or unconstitutional acts." Plaintiff's Memo. of Law, p. 8. In support of this allegation, plaintiff asserts

that Hatin and the Grays conducted a test of plaintiff's septic system while we was away and that Hatin "gave Richard Gray specific authority to trespass on the plaintiff's property to monitor the test" which, according to plaintiff, is a traditional public function. *Id.* Plaintiff further claims that "Hatin deputized the Grays." *Id.* Plaintiff also insists that the defendants conspired to deprive him of his constitutional and statutory rights.

With respect to Serbalik II, plaintiff contends that Mary Gray's actions unduly influenced the police officers and that she otherwise acted in concert with the Sheriff's Department. Plaintiff claims that this is evidenced by the fact that "plaintiff was arrested only after a lengthy conference between the Officers of the County of Warren with Mary K. Gray ... and only after ... Mary K. Gray signed a felony complaint." (Plaintiff's Memo. of Law, pp. 7–8).

█ It is elementary that "[a]n action under § 1983 cannot ... be maintained unless the challenged conduct was attributable ... to a person acting under color of state law." *Chan v. City of New York,* 1 F.3d 96, 106 (2d Cir.1993), *cert. denied,* 510 U.S. 978, 114 S.Ct. 472, 126 L.Ed.2d 423 (1993); *see Hertz Corp. v. City of New York,* 1 F.3d 121, 133 (2d Cir.1993), *cert. denied,* 510 U.S. 1111, 114 S.Ct. 1054, 127 L.Ed.2d 375 (1994). Under the facts of the present case, plaintiff is unable to establish a sufficient nexus between the Grays' private conduct and state action. Contrary to plaintiff's contention, there was no joint participation or collaboration between the Grays and Hatin in Serbalik I, or the Grays and the Sheriff's Department in Serbalik II. *See Dwares v. City of New York,* 985 F.2d 94, 98 (2d Cir.1993).

█ "[A] private party does not act under color of state law when she merely elicits but does not join in an exercise of official state authority." *Auster Oil & Gas, Inc. v. Stream,* 764 F.2d 381, 388 (5th Cir.

---

has such right, he damages property of another person in an amount exceeding [$250.00]." N.Y. PENAL LAW § 145.05

**2.** "A person is guilty of criminal mischief in the fourth degree when, having no right to do so nor any reasonable ground to believe that he has

such right, he: (1) Intentionally damages property of another person ...." Criminal mischief in the fourth degree is a class A misdemeanor whereas criminal mischief in the third degree is a class E felony.

1985), *cert. denied,* 486 U.S. 1027, 108 S.Ct. 2007, 100 L.Ed.2d 237 (1988); *see also Tarkowski v. Robert Bartlett Realty Co.,* 644 F.2d 1204, 1208 (7th Cir.1980) ("A private person does not conspire with a state official merely by invoking an exercise of the state official's authority."). Similarly, " '[t]he execution by a private party of a sworn complaint, which forms the basis for an arrest, is, without more, not sufficient to make that party's acts state action.' " *Daniel v. Ferguson,* 839 F.2d 1124, 1130 (5th Cir.1988) (quoting *Sims v. Jefferson Downs Racing Association,* 778 F.2d 1068, 1078–79 (5th Cir.1985)); *see also Dunton v. County of Suffolk,* 729 F.2d 903, 910 (2d Cir.1984) (federal claims against the criminal complainant were "patently meritless and insubstantial."); *Grow v. Fisher,* 523 F.2d 875, 879 (7th Cir.1975) (private person's filing of a criminal complaint is not under color of state law).

■ Here, in Serbalik I, the Grays merely elicited the aid of the Town to remedy a potentially malfunctioning septic system and to preserve the ecological well-being of the Lake. The Grays' conduct of loaning a bucket and hose to Hatin, watching him perform the test, observing dye in plaintiff's basement, and reporting this observation to Hatin, does not constitute state action. Assuming, without deciding, that code and building enforcement is a traditional public function, there is no evidence that this function was delegated to the Grays. Hatin's request that the Grays watch for dye in the lake does not constitute the delegation of a public function. Hatin retained responsibility for conducting and monitoring the test; determined whether plaintiff's septic system passed the test; and signed the criminal information against plaintiff. Plaintiff's contention that Hatin "deputized" the Grays is simply absurd and without any factual basis.

■ In Serbalik II, Mary Gray merely elicited the aid of the Sheriff's Department to prevent plaintiff from further damaging her timbers. After talking with the police, Gray then signed a felony complaint. This is insufficient to constitute state action. *See Daniel,* 839 F.2d at 1130; *Dunton,* 729 F.2d at 910; *Grow v. Fisher,* 523 F.2d at 879.

■ Plaintiff alleges that state action is present because Gray conspired with Hatin and the Town in Serbalik I, and with the Sheriff's Department in Serbalik II, to deprive him of his constitutional rights. It is true that, under certain circumstances, a "private party's joint participation with a state official in a conspiracy to [deprive him of his federal rights]" would constitute ... " 'under color' of law for purposes of [§ 1983]." *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 102 S.Ct. 2744, 2750, 73 L.Ed.2d 482 (1982)(quoting *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 150, 90 S.Ct. 1598, 1604, 1606, 26 L.Ed.2d 142 (1970)). However, plaintiff must "allege with at least some degree of particularity overt acts which defendants engaged in which were reasonably related to the promotion of the claimed conspiracy." *Powell v. Workmen's Compensation Board of State of New York,* 327 F.2d 131, 137 (2d Cir.1964). "A complaint containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss." *Boddie v. Schnieder,* 105 F.3d 857, 862 (2d Cir.1997) (quoting *Leon v. Murphy,* 988 F.2d 303, 311 (2d Cir.1993)).

■ The facts before the Court demonstrate that there is no evidence of a conspiracy. *See Ellentuck v. Klein,* 570 F.2d 414, 426–27 (2d Cir.1978). Rather, the undisputed facts demonstrate that, in Serbalik I, the Gray's filed a complaint about a possible failed septic system and the Town investigated the complaint and performed a test on plaintiff's septic system. As a result of the test, and after ascertaining that plaintiff continued to reside in the premises without fixing the septic system, the Town commenced proceedings against plaintiff for occupying a dwelling with a failed septic system in violation of the Town Code. These facts together with the facts that the Grays have lodged other complaints against plaintiff are insufficient to establish any conspiracy between the Grays and Hatin or the Town. *See San Filippo v. U.S. Trust Company of New York, Inc.,* 737 F.2d 246, 256 (2d Cir.1984), *cert. denied,* 470 U.S. 1035, 105 S.Ct. 1408, 84 L.Ed.2d 797 (1985); *Glaros v. Perse,* 628 F.2d 679, 685 (1st Cir.1980). There is no evidence of an

overt act reasonably related to the further-ance of the alleged conspiracy. *Powell,* 327 F.2d at 137.

The facts in Serbalik II similarly fail to demonstrate the existence of any conspir-acy. The undisputed facts demonstrate that the Sheriff's Department responded to a call from Mary Gray. Upon arriving at the scene, the Sheriff's Department observed plaintiff with a pick-axe; witnessed the dam-aged timbers; investigated the matter, in-cluding conversing with plaintiff, Gray, and a local lumber yard to ascertain the value of the timbers; and arrested plaintiff in re-sponse to Mary Gray's signing of a criminal complaint. This is insufficient to establish any conspiracy between Gray and the Sher-iff's Department. *See San Filippo,* 737 F.2d 246, 256 (conclusory allegations of conspiracy arising out of meetings between a witness and the district attorney insufficient to de-feat motion to dismiss); *Glaros,* 628 F.2d at 685 ("[G]eneral allegations of cooperation be-tween private individuals and [ ] government agencies do not ... make out a claim of action taken under color of state law."). Ac-cordingly, it cannot be said that the Grays acted under color of law and the federal claims against them must be dismissed.[3]

The federal claims against the Grays hav-ing been dismissed, the Court declines to exercise supplemental jurisdiction over the state claims. *See* 28 U.S.C. § 1367(c)(3); *Castellano v. Board of Trustees of Police Officers' Variable Supplements Fund,* 937 F.2d 752, 758 (2d Cir.1991) ("Since the dis-trict court dismissed the federal claims ... there remains no independent basis for fed-eral jurisdiction: Certainly, if the federal claims are dismissed before trial ... the state claims should be dismissed as well.") (internal quotations and citations omitted), *cert. denied,* 502 U.S. 941, 112 S.Ct. 378, 116 L.Ed.2d 329 (1991); *Buckley v. Consolidated Edison of New York, Inc.,* 155 F.3d 150, 157 (2d Cir.1998).

**C.  David Hatin**

Hatin moves to dismiss on the grounds that he did not violate plaintiff's statutory or constitutional rights and that, even if he did, he would be entitled to qualified immunity. Plaintiff responds that a reasonable officer under the same circumstances would have acted differently than Hatin. In support of this statement, plaintiff argues that Hatin improperly utilized the Grays' assistance in testing the septic system and otherwise im-properly conducted the dye test.

"The qualified immunity doctrine protects government officials from suits seeking to impose personal liability for mon-ey damages based on unsettled rights or on conduct that was not·objectively unreason-able, and reduces 'the general costs of sub-jecting officials to the risks of trial—distrac-tion of officials from their governmental duties, inhibition of discretionary action, and deterrence of able people from public ser-vice.'" *Connell v. Signoracci,* 153 F.3d 74, 79 (2d Cir.1998) (quoting *Mitchell v. Forsyth,* 472 U.S. 511, 105 S.Ct. 2806, 2815, 86 L.Ed.2d 411 (1985)); *see also Harlow v. Fitz-gerald,* 457 U.S. 800, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982); *Anderson v. Creighton,* 483 U.S. 635, 107 S.Ct. 3034, 3039, 97 L.Ed.2d 523 (1987); *Kaminsky v. Rosen-blum,* 929 F.2d 922, 925 (2d Cir.1991); *Ying Jing Gan v. City of New York,* 996 F.2d at 531.

Assuming a violation of plaintiff's federal rights, under the circumstances of this case, Hatin is entitled to qualified immu-nity. It was objectively reasonable for Hatin to believe that his acts did not violate plain-tiff's rights. "[T]he knowledge of facts, actu-al or apparent, [were] strong enough to justi-fy [Hatin] in the belief that he ha[d] lawful grounds for prosecuting [plaintiff] in the manner complained of." *Rounseville v. Zahl,* 13 F.3d 625, 629 (2d Cir.1994). Hatin con-

---

**3.** Although initially appearing *pro se,* plaintiff is an attorney. His daughter, Joyce Serbalik Choi, also an attorney, has assumed representation of plaintiff in this matter. Both plaintiff and Ms. Serbalik–Choi should have undertaken a thor-ough investigation of the law as it applies to the facts of this case prior to commencing an action

against the Grays. An analysis of the relevant case law would have revealed that the section 1983 claims against the Grays are meritless. Plaintiff and Ms. Serbalik–Choi are advised to review the obligations imposed upon attorneys by FED. R. CIV. P. 11 before asserting frivolous claims in the future.

ducted a dye test that indicated that plaintiff's septic system was faulty. Almost one year later, Hatin learned that plaintiff continued to utilize the premises and had not repaired his septic system. Thus, Hatin had probable cause to believe that plaintiff was occupying a dwelling with a faulty septic system in violation of the Town Code. Although plaintiff was found not guilty of the charge of occupying a dwelling with a failed septic system, the Town Justice explicitly found that "the town has adequately as a matter of law demonstrated a *prima facie case.*" *People of the Town of Queensbury v. John Serbalik.* This further supports the conclusion that Hatin had probable cause or, at the very least, arguable probable cause, to issue the appearance ticket. *See Lee v. Sandberg,* 136 F.3d 94, 102 (2d Cir.1997); *Simms v. Village of Albion,* 115 F.3d 1098, 1107 (2d Cir.1997). Because Hatin had probable cause, or arguable probable cause, this also defeats plaintiff's malicious prosecution and false arrest claims. *See Robinson v. Cattaraugus County,* 147 F.3d 153, 163 (2d Cir.1998); *Lee,* 136 F.3d at 102.

■ Plaintiff has also sued Hatin in his official capacity. It is axiomatic that claims against an individual in his official capacity are to be treated as claims against the municipality. *Kentucky v. Graham,* 473 U.S. 159, 165–66, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985). Accordingly, the claims against Hatin in his official capacity are dismissed.

### D. Municipal Liability

■ It is well-settled that municipalities are not exposed to *respondeat superior* liability for the alleged misdeeds of municipal employees. *Walker v. City of New York,* 974 F.2d 293, 296 (2d Cir.1992), *cert. denied,* 507 U.S. 961, 113 S.Ct. 1387, 122 L.Ed.2d 762 (1993) (citing *Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)). Thus, to the extent that plaintiff seeks to hold the Town and/or the County liable pursuant to section 1983 for the alleged misdeeds of its employees, those claims must fail.

■ "Rather, it is only when the municipality itself commits the misdeed, that is, 'when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983.'" *Walker,* 974 F.2d at 296 (quoting *Monell,* 98 S.Ct. at 2037). "[M]unicipal liability under § 1983 may be premised upon an officially promulgated policy; a custom or persistent practice; deliberately indifferent training that is the proximate cause of the violation of plaintiff's federally protected rights; or a single decision by an official with final decision-making authority." Martin A. Schwartz and John E. Kirklin, SECTION 1983 LITIGATION, CLAIMS AND DEFENSES, 3d ed., Vol. 1, § 7.6, p. 21 (citations omitted).

■ "The mere assertion ... that a municipality has such a custom or policy is insufficient in the absence of allegations of fact tending to support, at least circumstantially, such an inference." *Dwares,* 985 F.2d at 100. "Similarly, the simple recitation that there was a failure to train municipal employees does not suffice to allege that a municipal custom or policy caused the plaintiff's injury. A single incident alleged in a complaint, especially if it involved only actors below the policymaking level, generally will not suffice to raise an inference of the existence of a custom or policy." *Id.*

#### 1. Serbalik I—Town of Queensbury

■ Plaintiff has failed to present any evidence demonstrating the existence of a policy or custom or deliberately indifferent training or supervision that resulted in the deprivation of his constitutional rights. Rather, the only evidence before the Court is of this single incident. *See Dwares,* 985 F.2d at 100. Similarly, plaintiff presents no evidence of deliberately indifferent training or supervision. *Id.* The Complaint merely alleges, in conclusory fashion, that the Town permitted and tolerated a pattern and practice of unlawful entries upon privately owned property, unreasonable searches and seizures, allowing dye tests to be performed in a haphazard and negligent fashion, and allowing lay individuals to assist Town officials in the exercise of their official functions. *See*

Complaint, ¶ 32. The defendants have proffered evidence, however, that Hatin had permission to be on plaintiff's property, *see* Feb. 5, 1997 Serbalik Dep., p. 18, and that the Grays did little more than watch Hatin conduct the dye test. Plaintiff has failed to refute this evidence or otherwise demonstrate any pattern or practice of the deprivation of rights as alleged in the Complaint. Plaintiff has similarly failed to allege that Hatin was a final policymaker.

### 2. Serbalik II—Warren County

 The County moves to dismiss on the ground that there is no evidence that plaintiff's arrest and prosecution were predicated upon an official policy or custom. In response, plaintiff claims that he has demonstrated evidence of negligence, poor training, and lack of supervision of the officers in the Sheriff's Department. Plaintiff further claims that the police officers acted without probable cause and that the officers failed to conduct an adequate investigation, were not properly trained in the elements of crimes, and arrested plaintiff simply because Gray signed a felony complaint. Plaintiff asserts that the police officers should have first consulted with senior officers at the Sheriff's Department or the District Attorney's office to determine whether an arrest was authorized.

Plaintiff has failed to demonstrate any evidence of the existence of an official County policy or custom or deliberately indifferent training or supervision that resulted in the deprivation of his constitutional rights. Again, the only evidence before the Court is of this single incident. *See Dwares,* 985 F.2d at 100. There is no evidence that the Sheriff's Department acted improperly. Similarly, there is no evidence that the County failed to adequately train or supervise the Sheriff's Department. In fact, the undisputed evidence demonstrates that the police conducted an adequate investigation and acted with probable cause.

 To the extent that plaintiff claims lack of supervision over the district attorney's office in its decision to prosecute, this claim also is baseless. "When prosecuting a criminal matter, a district attorney in New York State ... represents the State not the county." *Baez v. Hennessy,* 853 F.2d 73, 77 (2d Cir.1988), *cert. denied,* 488 U.S. 1014, 109 S.Ct. 805, 102 L.Ed.2d 796 (1989). Thus, the County cannot be held liable for the district attorney's decision to prosecute.

Because plaintiff has failed to demonstrate any County or Town policy, custom, or deliberately indifferent training or supervision, his federal claims must fail. The Court declines to exercise supplemental jurisdiction over the state law claims. *See* 28 U.S.C. § 1367(c)(3); *Castellano v. Board of Trustees of Police Officers' Variable Supplements Fund,* 937 F.2d 752, 758 (2d Cir.1991), *cert. denied,* 502 U.S. 941, 112 S.Ct. 378, 116 L.Ed.2d 329 (1991).

### III. CONCLUSION

For the foregoing reasons, plaintiff's Complaint is dismissed in its entirety.

**IT IS SO ORDERED**