Eugene GREEN, Plaintiff,

v.

CITY OF NEW YORK MEDICAL EXAMINER'S OFFICE, Dr. Beverly Leffers, N.Y.C. Police Department, Police Officer Michael Reedy # 2857, Police Officer William Cutter, # 1074, P.O. 1075, P.O. O'Malley, Attorney Schwartz, Defendants.

No. 89 Civ. 2804 (GLG).

United States District Court, S.D. New York.

Oct. 6, 1989.

Eugene Green, Jr., pro se.

Robert N. Schwartz, New York City, pro se.

Mae M. Ng, Asst. Corp. Counsel of the City of New York, for all defendants except Robert N. Schwartz.

## MEMORANDUM DECISION

GOETTEL, District Judge.

In this purported civil rights action, the plaintiff attempts to overcome his criminal conviction for murder by suing the municipal officials responsible for his conviction and the defense counsel who represented him in the state prosecution.[1]

The municipal defendants' statement of facts pursuant to Rule 3(g) of the Civil Rules of the United States District Court for the Southern District of New York is admirably terse and comprehensive.[2] They are as follows:

"1. On August 23, 1986, the body of Fred Santiago was found in the rear courtyard of a building located at 58 East 1st Street, New York, New York.

2. The Police Department's preliminary investigation indicated that Mr. Santiago either had slipped or had fallen from the seventh floor fire escape of 58 East 1st Street, or had committed suicide.

---

1. By proceeding in this manner, a plaintiff avoids some of the procedural pitfalls such as exhaustion of state remedies inherent in the filing of the more customary habeas corpus petition.

2. Nothing in the plaintiff's opposing papers raises issues of fact concerning these matters and, consequently, they are accepted.

3. An autopsy was performed on the corpse of Fred Santiago by Dr. Leffers on August 24, 1986 and an autopsy report was prepared.

4. On August 24, 1986, the same day as the autopsy and a day after the death of the decedent, a witness came forward and informed the Police Department that Mr. Santiago had been thrown off of the seventh floor fire escape by the plaintiff, Eugene Green Jr.

5. Upon further investigation, three other witnesses corroborated the first witness's account of the cause of death of Fred Santiago.

6. The Medical Examiner's Office was notified of the newly discovered evidence on August 25, 1986 and Mr. Santiago's cause of death was reclassified to homicide.

7. The plaintiff was arrested on August 25, 1986 and was subsequently indicted by a grand jury.

8. After a trial, plaintiff was convicted for the murder of Fred Santiago on July 1, 1987. Plaintiff was sentenced to serve 25 years to life imprisonment for the murder of Fred Santiago on October 16, 1987.

9. At his criminal trial, plaintiff was represented by Robert N. Schwartz, who was a Court appointed attorney and who is the co-defendant in this action."

An additional uncontested fact set forth in the attorney defendant's Rule 3(g) statement is that all four of the witnesses who came forward testified at trial that plaintiff had caused the death of the decedent by throwing him from the seventh floor fire escape.

The essence of plaintiff's action is the claim that the various defendants conspired to change the autopsy report's conclusion from accident or suicide to homicide. All defendants move to dismiss or for summary judgment. There are a number of reasons for granting the defendants' motions and we rest our decision to grant the motions on only a few of them.[3]

█ The principal reason for granting summary judgment is that the plaintiff's criminal conviction collaterally estops him from maintaining this action. *Migra v. Warren City School District Board of Education,* 465 U.S. 75, 84, 104 S.Ct. 892, 897, 79 L.Ed.2d 56 (1984); *Allen v. McCurry,* 449 U.S. 90, 104, 101 S.Ct. 411, 420, 66 L.Ed.2d 308 (1980); *Cameron v. Fogarty,* 806 F.2d 380, 384 (2d Cir.1986), *cert. denied,* 481 U.S. 1016, 107 S.Ct. 1894, 95 L.Ed.2d 501 (1987).

In *Allen,* McCurry was arrested for possession of heroin and assault with intent to kill. 449 U.S. at 92, 101 S.Ct. at 413. He moved to suppress evidence seized during his arrest. The Court denied the motion since the evidence seized had been in plain view. Thereafter, McCurry was convicted of both crimes. He then commenced an action pursuant to 42 U.S.C. § 1983 against his arresting officers alleging that the defendants: had conspired to violate his constitutional rights in various ways. The District Court held that McCurry was collaterally estopped from relitigating those issues and granted summary judgment to the defendants. 449 U.S. at 92–93, 101 S.Ct. at 413–414. The Court of Appeals for the Eighth Circuit reversed and held that collateral estoppel was inapplicable in a § 1983 Civil Rights action even though the issues raised had been previously determined in a state court criminal trial. 606 F.2d 795, 798 (8th Cir.1979).

In reversing the Eighth Circuit, the Supreme Court held:

---

**3.** One defense is that the plaintiff has in some instances sued the wrong parties or non-existent entities. The plaintiff has attempted to correct some of these errors by moving to substitute the New York City Health and Hospital Corporation for the City of New York Medical Examiner's Office and by substituting the City of New York for the N.Y.C. Police Department. The latter application is granted but the first application is denied, since the Medical Examiner's Office is not a part of the Health and Hospitals Corporation which in fact had nothing to do with this case. The plaintiff also attempts to sue a police officer identified only as 1075. That number belongs to a Detective Frikenstein, who is not even assigned to the same borough, and who had a different shield number at that time. Whoever the correct P.O. 1075 is, he apparently has not been served with process.

There is, in short, no reason to believe that Congress intended to provide a person claiming a federal right an unrestricted opportunity to relitigate an issue already decided in state court simply because the issue arose in a state proceeding in which he would rather not have been engaged at all.

449 U.S., at 104, 101 S.Ct. at 420.

In *Migra*, the Supreme Court reaffirmed its holding in *Allen*, stating:

[I]ssues actually litigated in a state court proceeding are entitled to the same preclusive effect in a subsequent federal § 1983 suit as they enjoyed in the courts of the state where the judgment was rendered.

\* \* \* \* \* \*

[Section] 1983 did not open the way to relitigation of an issue that had been determined in a state criminal proceeding.

465 U.S. at 83–84, 104 S.Ct. at 897.

Finally, in *Cameron, supra*, the Second Circuit stated that:

Under New York law, a party is collaterally estopped from relitigating an issue in a second proceeding if (1) "the issue as to which preclusion is sought [is] identical with the issue decided in the prior proceeding," (2) "the issue [was] necessarily decided in the prior proceeding," and (3) "the litigant who will be held precluded in the present proceeding had a full and fair opportunity to litigate the issue in the prior proceeding."

806 F.2d at 384–385.

It is clear that the issue of the cause of the decedent's death was necessarily decided by plaintiff's state court criminal conviction. At the criminal trial, the plaintiff had the opportunity to contest both the authenticity of the autopsy report and the accuracy of its conclusions as to the cause of death. He did not do so.[4] Rather, his defense, which is also set forth in his opposing papers on the motion, was that he had left the scene before the decedent was thrown to his death and that one Pedro Rosario was, in fact, one of the persons who threw the decedent from the fire escape. Consequently, the plaintiff is collaterally estopped from raising the claim that the autopsy report was falsified and that the decedent died a natural death.

■ One of the claims in the complaint is that there was a conspiracy between the prosecution, the Medical Examiner's Office, and his defense counsel to obtain his conviction. As his defense counsel notes in his affidavit in support of his motion, he never spoke with the Medical Examiner except to cross-examine her and his only conversations with the prosecution were with respect to discovery materials. An action in conspiracy cannot be maintained by a complaint containing only vague and conclusory allegations. *San Filippo v. U.S. Trust Company of New York*, 737 F.2d 246, 256 (2d Cir.1984), *cert. denied*, 470 U.S. 1035, 105 S.Ct. 1408, 84 L.Ed.2d 797 (1985); *Ostrer v. Aronwald*, 567 F.2d 551, 553 (2d Cir.1977). No evidentiary facts are set forth in the complaint sufficient to support the claim of conspiracy, which on its face is incredible.

■ There is also a cause of action for malicious prosecution. In light of his conviction, the plaintiff cannot pursue such a cause of action. *Cameron v. Fogarty, supra*, 806 F.2d at 387; *Singleton v. City of New York*, 632 F.2d 185, 195 (2d Cir.1980), *cert. denied*, 450 U.S. 920, 101 S.Ct. 1368, 67 L.Ed.2d 347 (1981).

■ There is also a cause of action for selective prosecution. Such a claim must be made prior to the criminal proceeding

---

**4.** In his affidavit in support of his motion for summary judgment, his defense counsel alleges that the defenses asserted at trial were made with the full and active participation of the plaintiff and that the plaintiff testified at trial that he had not been present when the death occurred. As a matter of strategy, therefore, they did not contest the fact that someone had pushed the decedent to his death. These statements have not been effectively rebutted or contested by the plaintiff. Rather, he argues that his attorney was ineffective in bringing the present claims to the attention of the jury. (Although that contention might arguably support an inadequate assistance of counsel claim on a habeas corpus petition, it does not support any of the existing claims in the complaint.)

but that did not occur here. *United States v. Sun Myung Moon,* 718 F.2d 1210, 1229 (2d Cir.1983); *cert. denied,* 466 U.S. 971, 104 S.Ct. 2344, 80 L.Ed.2d 818 (1984). *See United States v. Taylor,* 562 F.2d 1345 (2nd Cir.) *cert. denied,* 432 U.S. 909, 97 S.Ct. 2958, 53 L.Ed.2d 1083 (1977). Moreover, such a claim must include allegations that the selective prosecution was based upon some impermissible standard. *303 W. 42nd Street Corporation v. Klein,* 46 N.Y.2d 686, 693, 416 N.Y.S.2d 219, 389 N.E.2d 815 (1979). No such allegation is made herein. We take it as obvious that all murderers get prosecuted if there is adequate evidence to support proof of their guilt.

For all of the foregoing reasons, the defendants' motions for summary judgment must be granted. Having so decided, we need not examine the additional points that certain of the defendants have a qualified immunity for discretionary acts and that certain of the defendants are wrongly named herein.[5]

The clerk will enter judgment in favor of all defendants, dismissing the complaint.

SO ORDERED.

---

**5.** The plaintiff has also filed, in opposition to these motions, a sweeping application for discovery of all of the documents involved in the investigation of the death, the autopsy and his prosecution. In light of our resolution of the defendants' motion, these applications are denied.