Oscar TENORIO, Plaintiff,

v.

Gerald B. MURPHY, Jose Luis Guzman, Hever Peidraita, SCT–85–0025, Carlos Cabrera, Akhtar Hussain, Hernan Gordillo, Jane Doe C.I., John Doe C.I./DEA Agent, 4 John Doe Special Agents DEA, 10 John Doe Members of Group 87 NY-DETF, Peter Willis, Louis Beltre, 1 John Doe New Jersey State Trooper, and Joseph Class, Warden, Defendants.

No. 93 CV 3060(SJ).

United States District Court,
E.D. New York.

Sept. 20, 1994.

Oscar Tenorio, pro se.

Peter Willis, pro se.

Zachary W. Carter, U.S. Atty., E.D.N.Y. by Elliot M. Schachner, Asst. U.S. Atty., Brooklyn, NY, for defendants.

## MEMORANDUM & ORDER

JOHNSON, District Judge:

Before this Court is a motion to dismiss by Defendants Gerald B. Murphy, Jose Luis Guzman,[1] and Joseph Class which has been joined by Defendant Peter Willis.[2] Defendants assert that the United States should be substituted as a defendant to Plaintiff's tort claims, that Plaintiff's tort claims against the United States must be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, and that the entire action must be dismissed as pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff responded to Defendant Willis' motion but has not responded to the Government's brief. Plaintiff requested an extension until December 20, 1993 to respond but as of this date, no response has been received in the Clerk's office or in this chambers.

## INTRODUCTION

Plaintiff alleges that he was arrested, convicted, and sentenced as part of a conspiracy between the Drug Enforcement Agency ("DEA"), New Jersey State Troopers, the New York City Police Department ("NYPD"), his attorneys, confidential informants, the warden of his prison, and various other parties. Plaintiff alleges that this conspiracy began in New York state in January 1986 and continued until December 1990. Plaintiff has brought suit under 42 U.S.C. § 1983 for alleged violations of his Fourth, Fifth, Sixth, and Fourteenth Amendments. Plaintiff also seeks a declaratory judgment and damages under the Federal Tort Claims Act.

On January 14, 1986, Plaintiff was arrested by New Jersey State Troopers in New Jersey after attempting to sell 11 kilograms of cocaine to undercover DEA agents. Plaintiff claims to have been set up in the transaction by several of the Defendants. According to the Complaint, Defendant Hernan Gordillo ("Gordillo") contacted Defendant Jose Guzman ("Guzman") of the NYPD and offered to arrange a drug transaction with the Plaintiff using DEA drugs.

Plaintiff arrived in New York City on January 3, 1986 from Miami, Florida to deliver 11 kilograms of cocaine for a friend. The following day, Plaintiff was informed that there was no buyer for the drugs and Plaintiff began searching for another buyer. Over the course of several days, Plaintiff met with various potential buyers, all of whom have been alleged to be DEA agents and are named as John Doe Defendants. Plaintiff asserts that these agents and confidential informants induced him to brag about larger possible deals. Indeed, during one meeting, Plaintiff boasted that he could bring 88 kilograms of cocaine.

Plaintiff contends that these meetings were part of a larger strategy of the government to encourage the Plaintiff to "puff up"

---

1. There is nothing in the record to indicate that Defendant Guzman was ever personally served; however, the NYPD contacted him to seek permission to accept service on his behalf. It is assumed that this is how Mr. Guzman was eventually notified as he has appeared in this action.

2. It would appear from the record that no service was ever made or even attempted on the other defendants in this action. On June 22, 1993, Plaintiff wrote to the pro se clerk of this court that he would make a motion under Rule 4 of the Federal Rules of Civil Procedure for service by U.S. Marshal and for disclosure of the names and addresses of the unserved individuals, but the record fails to indicate that any such motion was ever received. These defects could be cured; however, such an opportunity is unavailable given the outcome of this motion.

his connections in order to enhance his sentence. According to Plaintiff, the agents knew that he only had access to 11 kilograms and that all other claims were merely bravado.

On January 13, 1986 Plaintiff struck a deal with the undercover agents to deliver 88 kilograms of cocaine of which 11 were to be delivered the next day. Plaintiff asserts that although he did not have access to such a large quantity, he saw the larger deal as a way to unload the 11 kilograms that he did in fact possess. Unbeknownst to Plaintiff, the undercover agents, knowing that he would be delivering 11 kilograms of cocaine, determined to have Plaintiff arrested at some point during the transaction. To this end, the agents contacted the New Jersey State Police and arranged for Plaintiff to be pulled over in a traffic stop, during which a search would reveal the cocaine.

On January 14, 1986, Plaintiff set off for the appointed location with Defendant Peidraita in a cab with 11 kilograms in the trunk. Outside of a Burger King in North Bergen, New Jersey, Plaintiff met with the undercover agent and a confidential informant. During the meeting, the agent made a phone call to his DEA supervisor who ordered the agent to proceed, with the Plaintiff following, to a nearby Holiday Inn where a trooper was waiting to stop and search the cab. The stop did not occur. At the Holiday Inn the agent made yet another call and then informed Plaintiff that they would have to drive to another location.

While en route to this third location, Plaintiff and Peidraita were stopped by a trooper. During the stop, the trooper requested the keys to the trunk and Peidraita turned them over. Upon opening the trunk, the trooper found cocaine in a small sports bag. The trooper called for backup which arrived within seconds and Plaintiff was arrested and charged with ownership of the cocaine. Peidraita was also arrested after a long conversation with the trooper.

Plaintiff was moved from the arrest scene and a series of agents spoke with him but Plaintiff would not speak and requested an attorney. Plaintiff was arraigned on January 15, 1986 at which the trooper testified to finding nine kilos in the trunk and one in the cab. After the arraignment, Defendant Willis, an attorney, conferred with Plaintiff about his case and suggested that Plaintiff plead guilty. In February, Plaintiff hired Willis who insisted that Plaintiff plead guilty and not object to the search and seizure. Plaintiff then fired Willis. Notwithstanding Plaintiff's disagreement's with Willis' advice, Plaintiff pled guilty. At the pleading in New Jersey state court and at sentencing, Plaintiff was represented by Defendant Louis Beltre.

In September 1987, the federal authorities in Brooklyn were provided with information by Defendants Murphy and Cabrera which led to charges being filed against the Plaintiff in this district. Plaintiff was represented by counsel, Defendant Hussain, who allegedly conspired with the government attorney's to coerce Plaintiff into pleading guilty. During sentencing the prior arrest and conviction in New Jersey were allegedly used to enhance Plaintiff's sentence which he is currently still serving.

## DISCUSSION

### I. Standard of Review

■ A motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure should be granted only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Green v. Maraio,* 722 F.2d 1013, 1015–16 (2d Cir.1983), *quoting Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). The court must accept as true all material facts well-pleaded in the complaint and must make all reasonable inferences in the light most favorable to the plaintiff. *In re Energy Sys. Equip. Leasing Sec. Litig.,* 642 F.Supp. 718, 723 (E.D.N.Y. 1986).

### II. Rule 12(b)(2) Motions

Defendants contend that this Court does not have subject matter jurisdiction over several of Plaintiff's claims.

## A. Eleventh Amendment Bar

 It is well-established rule of law that § 1983 claims cannot be maintained against the United States government or persons in their official capacity. *Sprecher v. Graber*, 716 F.2d 968, 975 (2d Cir.1983); *Deutsch v. Federal Bureau of Prisons*, 737 F.Supp. 261, 265 (S.D.N.Y.1990), *aff'd*, 930 F.2d 909 (2d Cir.1991). Absent an explicit abrogation of these immunities by an act of Congress or a particular state statute, claims cannot be lodged against states or their agencies for monetary damages. *Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908); *Angrisani v. City of New York*, 639 F.Supp. 1326, 1336–37 (E.D.N.Y.1986). Similarly, money damage actions brought against state officials in their official capacity must be dismissed as they are, in reality, against the State. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 2312, 105 L.Ed.2d 45 (1989); *Kentucky v. Graham*, 473 U.S. 159, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985).

 In contrast, money damages claims against the state officials in their individual capacity are allowed to stand. Under *Scheuer v. Rhodes*, 416 U.S. 232, 237–38, 94 S.Ct. 1683, 1686–87, 40 L.Ed.2d 90 (1974), the Eleventh Amendment provides no shield of immunity for a state official who deprived another individual of her constitutional rights under color of state law. *Monroe v. Pape*, 365 U.S. 167, 170–71, 81 S.Ct. 473, 475, 5 L.Ed.2d 492 (1961). Accordingly, the claims against Defendants Class, Murphy, Guzman, and John Doe officers and agents in their official capacities are dismissed.

## III. Section 1983 Claims

In order to prevail on a section 1983 claim, it is necessary to show 1) the deprivation of rights, privileges, or immunities secured by the Constitution or laws of the United States, 2) by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420 (1981), *overturned on other grounds by Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *Day v. Morgenthau*, 909 F.2d 75, 77 (2d Cir.1990). The analysis for such claims is well-established:

We must decide, first, whether [state action] operates to the disadvantage of some suspect class or impinges upon a fundamental right explicitly or implicitly protected by the Constitution, thereby requiring strict judicial scrutiny.... If not, the [legislative] scheme must still be examined to determine whether it rationally furthers some legitimate, articulated state purpose and therefore does not constitute an invidious discrimination....

*Maher v. Roe*, 432 U.S. 464, 97 S.Ct. 2376, 53 L.Ed.2d 484 (1977), *quoting San Antonio School Dist. v. Rodriguez*, 411 U.S. 1, 93 S.Ct. 1278, 36 L.Ed.2d 16 (1973). Thus, for a plaintiff to succeed, he must show that his rights were protected but violated by persons acting under state law.

## A. Collateral Estoppel

Defendants assert that Plaintiff is collaterally estopped from bringing his claims under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) and 42 U.S.C. § 1983 as he should have raised these claims in his prior state and federal criminal proceedings. *Allen v. McCurry*, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980) (holding that defendant was collaterally estopped from bringing a § 1983 claim challenging his criminal conviction); *Green v. City of New York Medical Examiner's Office*, 723 F.Supp. 973 (S.D.N.Y.1989) (holding that defendant alleging illegal arrest and falsification of evidence could have raised the claims at the prior criminal actions and was therefore collaterally estopped).

 In the case at bar, there appears to be no reason why the Plaintiff could not have challenged his arrest and subsequent search and seizure. Although the cited cases involved plaintiffs who had been tried and convicted rather than pled guilty, Plaintiff does not provide this Court with any evidence that his plea was not given voluntarily. Indeed, it is well settled that a defendant who knowingly and voluntarily pleads guilty waives all rights to make a non-jurisdictional challenge. *See United States v. Rios*, 893 F.2d 479, 481 (2d Cir.1990); *Lebowitz v. United States*, 877 F.2d 207, 209 (2d Cir.1989). Because Plain-

tiff did not argue that his plea was unknowing or involuntary, he waived any rights to challenge his guilty plea on a non-jurisdictional basis.

In addition, at the pleading, the court explained to Plaintiff his options as well as the rights he would be waiving should he plead guilty. In fact, he was asked by the Court if he had in fact committed all of the crimes to which he was pleading guilty. Plaintiff told the story in his own words and stated that he accepted the prosecutor's version, that he had not been threatened or coerced, and that he had discussed the case with his attorney. At no point in the pleading did he say that he was not guilty. Moreover, at his sentencing, Plaintiff apologized to the Court "for the mistake that [he] committed." If Plaintiff had concerns, he should have raised these concerns previously.

### B. Statute of Limitations

■ Defendants correctly point out that the statute of limitations for *Bivens* and § 1983 claims in New York is three years. *See Lombard v. Board of Educ.*, 784 F.Supp. 1029, 1036, 1045 (E.D.N.Y.1992); *Chin v. Bowen*, 833 F.2d 21, 23–24 (2d Cir.1987). The acts complained of occurred in 1986 and 1987 but Plaintiff did not filed this suit until 1993, a full six years after the last act alleged. Although Plaintiff contends that the conspiracy extended until 1990, he has provided this Court with no evidence to indicate this. Indeed, the Complaint only details those events that occurred in 1986. This Court cannot permit a claim that fails to provide specific allegations so as to place the other side on notice. *See Alfaro Motors Inc. v. Ward*, 814 F.2d 883, 887 (2d Cir.1987).

■ Furthermore, Defendant Class has pointed to the fact that at no place in the Complaint is he ever specifically referred to. Class argues that a civil rights complaint must allege that a defendant committed at least one specific wrongful act and that where a complaint fails to do so, the action must be dismissed as against that defendant. Accordingly, the Complaint is dismissed as

against Defendant Class for failure to state a claim.

### C. Claims Against the Defense Attorneys

Plaintiff has stated that his attorneys Willis and Hussain [3] are part of the conspiracy to deprive him of his civil rights. He alleges that they attempted to induce him to plead guilty as they were working for the government. As with the other § 1983 claims, these claims are barred by the statute of limitations.

■ It is possible that these claims could be liberally construed as ineffective assistance of counsel, but the statute of limitations has also run on that claim. *See* N.Y.Civ. Prac.L. & R. § 214 (McKinney 1990). Moreover, this Court is without jurisdiction to hear such claims against Defendants Willis and Beltre who were involved in the state proceeding. Such claims would have to be brought in the state system and only after exhaustion of those remedies could a claim be brought in this court under 28 U.S.C. § 2254.

Even if Plaintiff's claim Plaintiff's claim against Willis is liberally construed as being under 28 U.S.C. § 2254, Plaintiff's claim fails. In order to prove that he was unconstitutionally denied effective assistance of counsel, Plaintiff must demonstrate both that the "representation fell below an objective standard of reasonableness," and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694, 104 S.Ct. 2052, 2064, 2068, 80 L.Ed.2d 674 (1984); *United States v. Reiter*, 897 F.2d 639, 645 (2d Cir.), *cert. denied*, 498 U.S. 817, 111 S.Ct. 59, 112 L.Ed.2d 34 (1990). Petitioner must show that 1) counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and 2) these errors "were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064.

■ Plaintiff has failed to satisfy the standard set out by *Strickland.* Plaintiff

---

3. Plaintiff also brings suit against Louis Beltre, a lawyer, but at no time makes any allegation against Beltre. Thus, the claims against Beltre are dismissed for failure to state a claim.

98

claims that he was deceived by his attorney who was allegedly actually working for the United States government. He claims that to have been coerced but his plea and sentencing belie this and he provides this Court with no specific allegations.

IV. Tort Claims

 Plaintiff's complaint seeks damages for the tortious conduct of the Defendants. 28 U.S.C. § 2679(b) provides the exclusive remedy for such suits. *Rivera v. United States,* 928 F.2d 592, 608 (2d Cir. 1991). The Federal Tort Claims Act ("FCTA"), however, only permits such suits to be brought against the United States, federal employees must be dismissed from such actions. *Id.* The United States has submitted the certification as required under 28 U.S.C. § 2679(d)(1) that the Defendants were acting within the scope of their employment. *See McHugh v. University of Vermont,* 966 F.2d 67, 74 (2d Cir.1992). Accordingly, the United States is hereby substituted as a defendant for Defendants Guzman, Murphy, and Class.

 Under the FTCA, tort claims must be filed with the appropriate federal agency prior to instituting a tort action in federal district court. *McNeil v. United States,* — U.S. ——, ——, 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993) (upholding the dismissal of a *pro se* complaint for failure to exhaust administrative remedies); *Keene Corp. v. United States,* 700 F.2d 836, 840 (2d Cir.), *cert. denied,* 464 U.S. 864, 104 S.Ct. 195, 78 L.Ed.2d 171 (1983). In the case at bar, Defendant has provided this Court with affidavits from DEA counsel that indicate that Plaintiff failed to file his claim with the DEA. Accordingly, the tort claims are hereby dismissed.

V. Declaratory Relief

 Plaintiff seeks a declaratory judgment, pursuant to 28 U.S.C. §§ 2201 and 2202, that his convictions were improper as they resulted from violations of his civil rights. It is a well-established rule of law that such relief is not available to attack a federal or state conviction. *Johnson v. Onion,* 761 F.2d 224, 226 (5th Cir.1985); *Sperl*

*v. Deukmejian,* 642 F.2d 1154, 1155 (9th Cir.1981). Accordingly, Plaintiff's claim is dismissed.

## CONCLUSION

For the reasons stated above, the Plaintiff's claims are dismissed.

SO ORDERED.