**Marine Maria QUIVES,
Plaintiff–Appellant,**

v.

**Rick CAMPBELL and Jedd Blessing,
Defendants–Appellees.**

No. 90–1652.

United States Court of Appeals,
Fifth Circuit.

July 1, 1991.

Billy D. Hullum, Fort Worth, Tex., for plaintiff-appellant.

James C. Todd, Dona Hamilton, Lauri J. Schneidau, Asst. Attys. Gen., Austin, Tex., for defendants-appellees.

Before SMITH and DUHÉ, Circuit Judges, and SHAW, Chief District Judge.[1]

JERRY E. SMITH, Circuit Judge:

## I.

Plaintiff Marine Maria Quives was dismissed from her job as a services assistant at a state facility, the Fort Worth State School, after being accused of physically abusing, or assaulting, one of the school's clients. She pursued the established grievance procedure and obtained an order from a hearing officer that she be awarded "reinstatement to effective date of termination, back pay, and restoration of benefits."

Upon her return to the school, Quives was reassigned to the laundry room instead of to the position of services assistant. Apparently this was done in order to put her in a position with minimal client contact. Importantly, Quives was reinstated at her former salary level, and she received back pay and a full restoration of benefits.

## II.

Quives successfully petitioned a state district court for a writ of mandamus directing that she be assigned once again as a services assistant. In an unpublished opinion, the state court of appeals reversed. While observing that the trial court did not err in holding that the school's officials had a non-discretionary ministerial legal duty to reinstate Quives specifically to a direct-care job, the state appellate court reversed and remanded on the ground that Quives had an adequate remedy at law and that, hence, mandamus was inappropriate.

## III.

Claiming a denial of due process and asserting pendent state claims, Quives filed the instant suit under 42 U.S.C. § 1983 against Richard Campbell, the school's superintendent, and Jedd Blessing, its personnel director, claiming that she should have been reinstated as a services assistant. The district court granted summary judgment in favor of the defendants, denied Quives's motion for summary judgment, and dismissed the pendent state law claims without prejudice. The court held that the defendants are entitled to qualified immunity because "Campbell and other state officials could not reasonably be charged with knowledge that they might be violating a clearly established right of the Plaintiff when acting, pursuant to their duties in administrating [the school], to assign Plaintiff to a different staff position."

The court also held, in the alternative, that Quives had not been denied due process. It determined that Quives had been given constitutionally sufficient pre- and post-termination hearings and that "due process does not entitle Plaintiff to reinstatement to her prior position absent an express contractual right to that position."

## IV.

■ We affirm the judgment of the district court but, because of an intervening Supreme Court decision, our analysis differs, of necessity, from that of the district court. We hold that Quives has failed to state a claim of any constitutional violation and that, hence, we may affirm without reaching the issue of qualified immunity. This methodology is informed by *Siegert v. Gilley*, —— U.S. ——, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991).

Until now there has been some uncertainty in the jurisprudence of this circuit regarding whether, in an appeal from the denial of a claim of qualified immunity, we should examine only the immunity issue or instead should examine, in the first instance, whether the plaintiff has stated a constitutional claim. The question has arisen in cases, unlike the instant one, in which a defendant, denied summary judgment on a claim of qualified immunity, has taken an appeal under the collateral order doctrine and pursuant to *Mitchell v. Forsyth*, 472 U.S. 511, 528, 105 S.Ct. 2806,

1. Chief District Judge of the Western District of Louisiana, sitting by designation.

2816, 86 L.Ed.2d 411 (1985), challenging that denial. The question then becomes the extent of our jurisdiction on appeal— i.e., whether in such an appeal we are limited to the narrow issue of immunity or may consider, as well, whether a claim has been stated.

In *Schaper v. City of Huntsville*, 813 F.2d 709, 713 (5th Cir.1987), we suggested that appellate review should include the broader issue of whether a claim is stated:

> Appellate review in these cases, although limited to questions of law, necessarily 'entail[s] consideration of the factual allegations that make up the plaintiff's claim for relief.' [*Mitchell*, 472 U.S. at 528, 105 S.Ct. at 2816.] Therefore, 'jurisdiction' over an appeal from a denial of a claim of immunity cannot be settled until the disputed facts, as well as the facts not in dispute, are reviewed to determine whether they state a claim upon which relief may be granted.

On the other hand, in *Del A. v. Edwards*, 855 F.2d 1148, 1149 (5th Cir.), *vacated for rehearing en banc*, 862 F.2d 1107 (5th Cir. 1988), *appeal dism'd*, 867 F.2d 842 (5th Cir.1989), a panel majority affirmed a denial of qualified immunity "without reaching the constitutional issues," "[c]oncluding that the asserted federal statutory rights were clearly and particularly established at the time of the alleged wrongs...." We noted that "[w]hile we might have the discretion to assume pendent appellate jurisdiction over [the constitutional] issues, *see Filippo v. U.S. Trust Co.*, 737 F.2d 246, 255 (2d Cir.1984) [, *cert. denied*, 470 U.S. 1035, 105 S.Ct. 1408, 84 L.Ed.2d 797 (1985) ], ... the more prudent course would be to [wait] until after a final decision in the district court." [2] Apparently agreeing with the analysis in *Del A. v. Edwards*, a panel of this court, in another qualified immunity appeal, recently concluded that "[t]his court therefore has jurisdiction to review the denial of the defendants' claims of personal immunity from damages, but lacks jurisdiction to review the district court's denial of defendants' motion to dis-

miss for failure to state a claim." *Chrissy F. v. Mississippi Dep't of Pub. Welfare*, 925 F.2d 844, 849 (5th Cir.1991).

In *Siegert v. Gilley*, a *Mitchell*-type appeal from the denial of qualified immunity, the Court now has "clarifi[ed] the analytical structure under which a claim of qualified immunity should be addressed." — U.S. at —, 111 S.Ct. at 1793. "We hold that the petitioner in this case failed to satisfy the first inquiry in the examination of such a claim; he failed to allege the violation of a clearly established constitutional right." *Id.* Thus, the Court specifically rejected the approach of the court of appeals, *see Siegert v. Gilley*, 895 F.2d 797 (D.C.Cir.1990), which had "assumed, without deciding, that ... a constitutional claim [had been] stated," — U.S. at —, 111 S.Ct. at 1794, then had addressed the narrower issue of qualified immunity. "We think the Court of Appeals should not have assumed without deciding this preliminary issue in this case...." *Id.* at —, 111 S.Ct. at 1793. "[W]e hold that petitioner's claim failed at an analytically earlier stage of the inquiry into qualified immunity: his allegations, even if accepted as true, did not state a claim for violation of any rights secured to him under the United States Constitution." *Id.* at —, 111 S.Ct. at 1791.

The procedural posture in the instant case is different from that in *Siegert*, for here we have not a special *Mitchell*-type appeal from the *denial* of qualified immunity, but an ordinary appeal from a final judgment in which the defendants' claim of qualified immunity was *upheld* by the district court. Nevertheless, in light of the fact that the Supreme Court has recognized the question of failure to state a claim as "an analytically earlier stage of the inquiry into qualified immunity," *id.*, we read *Siegert* as directing us to make that initial inquiry here, just as we would in a *Mitchell v. Forsyth* appeal from the denial of qualified immunity.

### V.

Following the analysis of *Siegert*, we conclude that Quives has failed to state

---

2. *See Del A. v. Edwards*, 855 F.2d at 1154 (Smith, J., dissenting) ("... I instead would ... analyze the claims for legal sufficiency and would conclude that the plaintiffs have not stated a federal cause of action.").

a constitutional claim. Her only basis for relief is that she should have been returned to her specific job assignment following "reinstatement." In *Jett v. Dallas Indep. School Dist.*, 798 F.2d 748, 754 n. 3 (5th Cir.1986), *aff'd in part and remanded in part on other grounds*, 491 U.S. 701, 109 S.Ct. 2702, 105 L.Ed.2d 598 (1989), we noted that "[w]hen a public employee has a legitimate entitlement to his employment, the due process clause may protect as 'property' no more than the status of being an employee of the governmental employer in question together with the economic fruits that accompany the position." Similarly, in *Kelleher v. Flawn*, 761 F.2d 1079 (5th Cir.1985), we rejected the plaintiff's constitutional claim where she was reappointed to her former position but with reduced duties, noting that " '[s]ubjective impressions as to the desirability of one position over another cannot control our decision.' " *Id.* at 1086 (quoting *Lee v. Russell County Bd. of Educ.*, 563 F.2d 1159, 1162 (5th Cir.1977)).

Here, as we have observed, Quives was reinstated to a position that provided the same pay and benefits as did her former position. Moreover, the state court of appeals, albeit on procedural grounds, reversed the state district court's determination that she should be returned to the same duties. Thus, she has been deprived of no property interest. Moreover, there is no assertion that her employer has made any public charges that have stigmatized her, as required for a denial of a liberty interest in this context. *See Kelleher, id.* at 1087.

### VI.

Without the deprivation of a liberty or property interest, Quives has stated no cause of action for constitutional injury under section 1983. Finding it therefore unnecessary to address the issue of qualified immunity, we AFFIRM.