UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-50715
No. 97-50187
Summary Calendar

_____

MICHAEL LEE BARNETT,

Plaintiff-Appellant,

versus

TERRY FOSTER, WARDEN; JOY STOUT, LVN;
D. LANCASTER, MD; RICHARD FEARS; WAYNE SCOTT;
DAVID KEITH; LANNETTE LINTHICUM; WEATHERBY, LT;
PIERCE, CAPT.; HORN, MAJOR; ALVAREZ, WARDEN;
RICHARD LOVE, HEALTH ADMIN; JUANITA DORMAN,
CLASS SUPV; ANIZAN, CLASS COUNSELOR,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. P-95-CA-32
_____

February 26, 1998

Before WIENER, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Michael Lee Barnett, Texas state prisoner No. 680546, appeals

the summary judgment awarded the defendants in his 42 U.S.C. § 1983

action. We **AFFIRM.**

I.

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

Barnett filed this action contending primarily that prison personnel were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment and retaliated against him when he asserted his right to medical attention and filed this action. The district court granted the summary judgment on the basis that the defendants were entitled to absolute immunity in their official, and to qualified immunity in their individual, capacities. The court dismissed various other claims as frivolous.

## II.

Of course, we review a summary judgment *de novo*. See, e.g., ***Amburgey v. Corhart Refractories Corp. Inc***., 936 F.2d 805, 809 (5th Cir. 1991). Such judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "'there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law.'" ***Id.*** (quoting FED. R. CIV. P. 56(c)).

## A.

Concerning absolute immunity, Barnett does not present any evidence or explanation regarding why the defendants are not entitled to such immunity under the Eleventh Amendment. Accordingly, Barnett has failed to demonstrate any error. *See* ***Kentucky v. Graham***, 473 U.S. 159, 169 (1985).

## B.

- 2 -

Concerning qualified immunity regarding claims defendants were deliberately indifferent to Barnett's serious medical needs and that they retaliated against him for asserting his rights to adequate medical care and for filing the instant suit, the well-known test for such immunity is whether (1) the plaintiff has alleged a violation of a clearly established constitutional right; and (2) whether the defendants' conduct was objectively unreasonable in the light of the clearly established law at the time of the incident. *E.g.,* **Rankin v. Klevenhagen**, 5 F.3d 103, 105 (5th Cir. 1993). The summary judgment evidence reveals that, at most, the defendants were negligent, but not deliberately indifferent, regarding any serious medical needs. *See* **Varnado v. Lynaugh**, 920 F.2d 320, 321 (5th Cir. 1992). Barnett's allegations of retaliation are conclusional and not supported by the evidence. *See* **Woods v. Smith**, 60 F.3d 1161, 1166 (5th Cir. 1995).

Because Barnett does not demonstrate a constitutional injury, we need not address whether the district court properly determined that the defendants were entitled to qualified immunity. *See, e.g.,* **Quives v. Campbell**, 934 F.2d 668, 671 (5th Cir. 1991). Instead, we affirm on the alternate basis that Barnett did not state a claim of a violation of a clearly established constitutional right. *See* **Sojurner T. v. Edwards**, 974 F.2d 27, 30 (5th Cir. 1992).

C.

Barnett contends that the district court erred by not allowing him to adequately complete discovery before granting summary judgment. Our review demonstrates that the court did not abuse its discretion in making discovery decisions. *See, e.g.,* ***Williamson v. U.S. Dept. of Agriculture***, 815 F.2d 368, 382 (5th Cir. 1987).

D.

Barnett also contends that the district court erred by not appointing him counsel. The court did not abuse its discretion, because the instant case is not factually complex, and Barnett's pleadings adequately demonstrated his ability to litigate it. *See* ***Ulmer v. Chancellor***, 691 F.2d 209, 213 (5th Cir. 1982).

E.

Barnett does not challenge the denial of injunctive relief. Because he has failed to challenge this issue on appeal, it is deemed abandoned. *See, e.g.,* ***Brinkmann v. Dallas County Deputy Sheriff Abner***, 813 F.2d 744, 748 (5th Cir. 1987).

F.

Likewise, the following issues presented by this appeal are not adequately argued, and are thus abandoned, ***id.; see also*** ***Al-Ra'id v. Ingle***, 69 F.3d 28, 31 (5th Cir. 1995): that the defendants have arbitrarily punished certain inmates by changing custody levels, earning classes and taken away good time credits thus creating separate classes of inmates; that the district court failed to liberally construe Barnett's complaint; and that the

- 4 -

Texas Department of Criminal Justice should have been a separate defendant.

III.

Accordingly, Barnett's requests for relief in the form of 1) allowing him to amend his complaint; 2) allowing him to complete discovery; 3) granting a restraining order and injunctive relief against the defendants; 4) ordering TDCJ to amend his prison record and time-earning status; 5) remanding this case to the Eastern District; and (6) his request for appointment of counsel on appeal are **DENIED**.

In the light of our holding, the defendants motions to dismiss the appeal are **DENIED** as unnecessary.

Accordingly, the judgment is **AFFIRMED.**

*JUDGMENT AFFIRMED; MOTIONS TO DISMISS DENIED;*
*REQUESTED RELIEF DENIED*