United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 13, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-20119
Summary Calendar

_____

VICTOR A. CHARLES,

Plaintiff-Appellant,

versus

VICTOR RODRIGUEZ, Director; BYRAN COLLIER, Director;
LINDA TIERLING, Assistant Regional Director; RODELL BOOKER,
Unit Supervisor; TRACY JAMES, Supervisor; BRENDA GREEN,
Parole Officer; BRIGID AKIRI; SANDRA WHITE, Parole Officer;
YOLANDA M. WOODS, Unit Supervisor,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-02-CV-3568
--------------------

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Victor A. Charles appeals the summary-judgment dismissal of
his 42 U.S.C. § 1983 complaint wherein he raised claims of
arbitrary confinement, interference with employment, false arrest
and prosecution, retaliation, and denial of access to the courts.
We have reviewed the briefs and the record on appeal and conclude
that the district court did not err in finding that there were no

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

genuine issues of material fact and that the defendants were entitled to qualified immunity.  Guillory v. Domtar Indus., Inc., 95 F.3d 1320, 1326 (5th Cir. 1996); Quives v. Campbell, 934 F.2d 668, 670 (5th Cir. 1991).

With regard to Charles's confinement claim, Charles does not dispute the district court's finding that he was confined to his home until the monitoring equipment was functional.  He also does not dispute that electronic monitoring was a condition of his mandatory supervision.  Thus, Charles's limited confinement in furtherance of a condition of his mandatory supervision did not rise to the level of a constitutional violation.  Griffin v. Wisconsin, 483 U.S. 868, 874-75 (1987).

As Charles failed to show that he had a clearly established constitutional right to unrestricted employment while on parole, the defendants were entitled to qualified immunity with regard to his employment-interference claim.  Salas v. Carpenter, 980 F.2d 299, 306 (5th Cir. 1992).  Charles's claims of false arrest and prosecution fail because, at the most, the defendants' actions or inactions amounted to negligence, which is not cognizable under 42 U.S.C. § 1983.  Leffall v. Dallas Indep. Sch. Dist., 28 F.3d 521, 531-32 (5th Cir. 1994).

Charles's retaliation claim is also without merit.  Charles has failed to set forth a chronology of events from which it can be inferred that his September 2001 arrest was retaliatory. Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995).

We reject Charles's claim that he was denied access to the courts as he failed to show that he was prejudiced. Lewis v. Casey, 518 U.S. 343, 351 (1996). Charles waited more than two years after being released from prison in May 2002 to file his September 2002 state habeas application. Moreover, the only specific time period which Charles alleged that he was unable to conduct legal research was a 12-day period when he was allegedly confined to his home.

Charles's claims that the defendants denied him access to the courts with regard to his filing of the Schultea[**] reply and that the district court erred in denying his motion for access to the law library fail. The record shows that after the district court entered its order requiring that Charles file a Schultea reply, Charles was allowed to go to the Harris County Law Library. Moreover, a review of Charles's Schultea brief shows that he was able to adequately set forth his claims, and he does not state how additional research would have salvaged his otherwise meritless claims.

We decline to address Charles's claim with regard to the denial of access to the FBI and his claims that the defendants had no authority to change his mandatory release date and had no authority to impose electronic monitoring without affording him due process, which are raised for the first time on appeal. See

---

[**] Schultea v. Wood, 47 F.3d 1427 (5th Cir. 1995) (en banc).

Diaz v. Collins, 114 F.3d 69, 71 (5th Cir. 1997).  The judgment

of the district court is AFFIRMED.

AFFIRMED.