# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-40799
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 11, 2016

Lyle W. Cayce
Clerk

JEFF BURKS; MELYNDA BURKS,

Plaintiffs-Appellants

v.

SHERIFF JEFF PRICE; RICKEY TURNER; DAVID BROWN; PAT BRACK; JOHN DOES 1-10,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:13-CV-746

Before BARKSDALE, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

In challenging the adverse summary judgment for their 42 U.S.C. § 1983 action, Jeff and Melynda Burks claim Rusk County Sheriff Jeff Price, City of Henderson Municipal Judge Rickey Turner, Henderson City Attorney David Brown, Henderson Mayor Pat Brack, as well as "John Does 1-10", in their individual and official capacities, violated their constitutional rights to due

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 15-40799

process and equal protection by imprisoning them for failure to pay fines, without first determining their ability to pay.

A summary judgment is reviewed *de novo*, applying the same standard as the district court. *E.g., Estate of Henson v. Wichita Cty.*, 795 F.3d 456, 461 (5th Cir. 2015). And, to prevail on a claim pursuant to § 1983, a plaintiff must show: a violation of the Constitution or of federal law; and the violation was committed while acting under color of state law. *E.g., Brown v. Miller*, 519 F.3d 231, 236 (5th Cir. 2008). In that regard, "the State cannot 'impose a fine as a sentence and then *automatically* convert it into a jail term *solely* because the defendant is indigent and cannot forthwith pay the fine in full'". *Bearden v. Georgia*, 461 U.S. 660, 667 (1983) (alterations omitted) (emphasis added) (quoting *Tate v. Short*, 401 U.S. 395, 398 (1971)).

The court did not err in granting summary judgment regarding Jeff Burks' nine-day confinement in September 2013, after he failed to satisfy the fines by performing community service as agreed. In a hearing with the municipal-court judge, Jeff Burks admitted he did not perform the service hours in the previous six years, but he could have done so had he put forth the effort. Although the hearing took place in chambers and did not involve a written determination, it satisfied constitutional requirements. *See Giovanni v. Lynn*, 48 F.3d 908, 912 (5th Cir. 1995); *Bearden*, 461 U.S. at 667–72. Accordingly, summary judgment was properly granted on those claims. *See Villanueva v. McInnis*, 723 F.2d 414, 418 (5th Cir. 1984); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Because the Burkses' contentions the other defendants wrongfully confined Jeff Burks rely on the judge's claimed unconstitutional confinement order, those claims also fail.

The Burkses fail to brief, and have therefore abandoned, any claim regarding Melynda Burks' arrest and confinement in September 2013. *See*

2

No. 15-40799

*United States v. Scroggins*, 599 F.3d 433, 446–47 (5th Cir. 2010). Instead, they address her subsequent six-day confinement in October 2014. The district court ruled the justice of the peace involved in the October 2014 incident was "not a party" to this action, and the Burkses failed to "state how any of the named Defendants were or should be liable for this confinement". The Burkses do not address that reasoning, but instead complain Melynda Burks' October 2014 confinement occurred without a hearing. Because that claim was not included in their original or amended complaints, it "is not properly before the court". *Cutrera v. Bd. of Supervisors of La. State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005). Assuming, *arguendo*, the claim was properly raised, the Burkses fail to identify any evidence establishing a genuine dispute of material fact for whether a hearing occurred, an element essential to their claim of constitutional deprivation. *See Graham*, 473 U.S. at 166; *Brown*, 519 F.3d at 236. Accordingly, they fail to show any error in the summary judgment regarding Melynda Burks' confinement.

Because the Burkses fail to show the district court erred regarding their claims of constitutional deprivation, we need not address defendants' immunity-defense assertions. *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009); *Quives v. Campbell*, 934 F.2d 668, 669 (5th Cir. 1991). The Burkses also fail to address the denial of declaratory relief or their other theories of liability; therefore, those claims are abandoned. *See Scroggins*, 599 F.3d at 446–47.

AFFIRMED.